## No. 18,241

MORRIS F. COX *v.* TOM FRANK JOHNSTON AND
TOMMY JOHNSTON, HIS FATHER AND NEXT FRIEND.
(339 P. [2d] 989)

Decided May 25, 1959.   Rehearing denied June 15, 1959.

Messrs. WORMWOOD, O'DELL and WOLVINGTON, for plaintiff in error.

Messrs. MARCH & WELLS, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFF in error Cox was the defendant in the trial court. The defendant in error, a minor, filed suit in the district court of Larimer County through his father and next friend for damages for personal injuries sustained in a one-car automobile accident. The Colorado guest statute is here involved. We will refer to the parties as they appeared in the trial court or by name.

Trial was to a jury. Judgment, finally entered after motions for new trial and for judgment notwithstanding the verdict were argued and denied, was against the defendant in the sum of $35,152.00.

Defendant Cox assigns as error: That the evidence did not warrant submission of the case to the jury because (a) there was insufficient evidence of willfulness and wantonness as provided in the statute; (b) that there was insufficient evidence of defendant's intoxication, and (c) there was insufficient evidence that the accident was caused by defendant's negligence. The main contention of Cox, however, is that assuming the evidence was sufficient to charge defendant under the guest statute with the derelictions therein enumerated, the court, as a matter of law, should have barred the plaintiff's claim under the doctrine of assumption of risk. The latter point is predicated upon evidence in the record that the plaintiff, along with other passengers and the defendant, were all on a drinking spree.

The assignments of error can be grouped under two main questions:

First Question to be Determined:

*Did the court err in submitting the question of defendant's negligence under the guest statute to the jury and should the court have directed a verdict of dismissal for defendant?*

This two-part question is answered in the negative. The statute, C.R.S. '53, 13-9-1, provides:

"No person transported by the owner or operator of a motor vehicle as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss in case of accident, unless such accident shall have been intentional on the part of such owner or operator or caused by his intoxication, or by negligence consisting of a willful and wanton disregard of the rights of others. * * * "

■ The elements, proof of which will enable a guest to recover from his host, are in the alternative. Proof of intoxication alone is sufficient to enable recovery under the statute. Conduct amounting to willful and wanton disregard of the rights of others can be an additional ground for recovery, or a ground in and of itself. The jury is not required to enter any findings as to which of the elements it found supported its verdict. In our examination of the record, our decision hinges upon whether there was sufficient evidence to support either the intoxication or the willfulness and wantonness.

Plaintiff and defendant did not start out the evening of the accident together. Plaintiff with some other companions was in a certain tavern in Fort Collins up to about 11:30 P.M. One version of the events was that five minutes before leaving the tavern plaintiff met the defendant Cox for the first time. Plaintiff Johnston testified that, therefore, he had no knowledge of the number of drinks Cox had had prior to the meeting. This was contradicted by Cox who said that he and plaintiff and one Lee Rye had had three beers together before leaving. Cox also testified that he had been with Johnston and Rye about two hours before departing from the first tavern. Upon leaving the Fort Collins tavern, the plaintiff, two others and defendant Cox went to the town of Severance, some fourteen miles away, making the trip in about thirty minutes. On the way

over Lee Rye had warned the defendant Cox about driving too fast, and so Cox slowed down. The plaintiff Johnston also warned the defendant that the roads were patrolled, and Cox slowed down again. To this testimony Cox gave a contrary story, claiming that he was requested by his passengers to show how fast the car would go, and he said he did not remember whether he had been warned by them to slow down. Plaintiff denied that he had requested the defendant to test the car, and so did the witness Lee Rye. Concerning a stop on the way to Severance, again the testimony was in conflict, the plaintiff claiming the stop was made because the engine was heating, and defendant to have a drink of beer.

As to defendant's drinking when they got to Severance, there is more conflict in the evidence touching on the quantity of beer Cox drank and whether plaintiff and others saw him drinking and knew how much he consumed. There is evidence to indicate that Cox had from three to seven to nine beers during the evening, the amount varying as to whether the story Cox told or the story of some of the other witnesses was believed by the jury. At the scene of the accident there were witnesses who testified that the defendant, in their opinion, was intoxicated; that his speech was slurred, his gait unsteady, or that his speech was "pretty draggy" and his walk "pretty staggery." There was testimony that the defendant vomited and then passed out.

All in all it is unnecessary to detail every bit of the testimony on each side concerning the intoxication of the defendant. He produced medical testimony attributing some of his conduct to the injuries he himself received in the accident. As we view the evidence, it certainly was a question for the jury to determine. The verdict was against the defendant on that question, and there is evidence to support the verdict. We quote from *Foster v. Redding,* 97 Colo. 4, 45 P. (2d) 940, involving a mutual drinking party, wherein this court said:

"One who is willfully and wantonly negligent may not be intoxicated, but one who, sufficiently under the influence of liquor to impair his capacity as a driver, or who has just consumed intoxicants sufficient to speedily reduce him to incapacity, yet sufficiently sober to know he is undertaking a sober man's job, puts himself at the wheel of an automobile and takes the road, is guilty of a willful and wanton disregard of the rights of all persons who ride with him or use the highway he travels. * * * "

Other evidence was similarly in conflict. Testimony on speed varied from forty miles an hour to sixty miles an hour or over. There was evidence that the defendant had been on the road where the accident occurred before, although he said he didn't remember the road and it was unfamiliar to him. The testimony was that the highway was icy in several spots, and that Cox observed this but continued at a high rate of speed. There is a conflict as to whether defendant was warned as to the impending curve which he failed to make and where he left the road. There were ample warning signs which defendant failed to see or heed. Defendant explained his failure to see the curve by testimony that there was a dip in the road, throwing his headlights up so that he did not see the signs on the road and saw the curve too late. Both the highway patrolman and the plaintiff denied there was such a dip, and the jury was taken out to view the scene. Here again we had questions for the jury. As this court said in *Mooney v. Carter*, 114 Colo. 267, 160 P. (2d) 390:

" * * * The facts are sufficiently in dispute so that reasonable men might reach different conclusions; therefore, it was the function of the jury to resolve them. Although the trial court might not agree with the verdict of the jury, that would not justify it in disturbing the verdict, and the fact that we might arrive at a different conclusion from that reached by the jury would not alone justify us in upholding the action of the trial court."

Second Question to be Determined:

*Did the court err in refusing to rule as a matter of law that the plaintiff was barred from recovery because of contributory negligence due to assumption of risk?*

The question is answered in the negative.

■ Assumption of risk, as any other fact, also is a question for the jury. For one to be charged with assumption of risk he must be conscious of a risk knowingly undertaken. This court set out the rule in *United Brotherhood v. Salter,* 114 Colo. 513, 167 P. (2d) 954, a case similar to the one at bar:

" * * * Where one becomes a guest and imprudently enters a car with knowledge that the driver is so under the influence of intoxicants as to tend to prevent him from exercising the care and caution which a sober and prudent man would employ in the operation and control of the car, the guest is barred from recovery by reason of his contributory negligence, and as having assumed the risk involved. * * * *Where the evidence is sufficient to raise a question as to plaintiff's knowledge and prudence, the determination of that issue must be submitted to the jury or other trier of facts.* * * * " (Emphasis supplied.)

The court then quoted from *Packard v. Quesnel,* 112 Vt. 175, 22 A. (2d) 164:

"From this evidence it was for the jury to decide whether in fact Senecal [the driver] was intoxicated and if he was, whether the plaintiff knew or ought to have known his condition and whether such intoxicated condition, if found to exist, was the proximate cause or one of the proximate causes of the accident. These questions are ordinarily for the jury." ·

■ On this point plaintiff's testimony is to the effect that he did not see Cox at all times during the evening; that the defendant was moving around. He said that to his knowledge Cox had only three or four beers during the entire evening. Plaintiff also said that he noticed nothing about Cox that gave him the impression he was

intoxicated. Another witness, Lee Rye, testified to the effect that Cox appeared to be sober and safe to ride with in his car at the time they left the Severance Inn. Cox argues that if he was intoxicated, as the officer testified, such fact negatives, as a matter of law, the claim of plaintiff that Cox appeared to be sober or that Cox appeared to be all right to drive the car. We view the conflict such as to invoke the rule in *Ling v. Pease,* 123 Colo. 518, 232 P. (2d) 189, wherein the court said:

" * * * the issue as to whether the guest was sufficiently forewarned so that under all the circumstances he was negligent in becoming or remaining a guest in the car *should be submitted to the jury.* * * * "

Accordingly the judgment is affirmed.

MR. JUSTICE SUTTON does not participate.