No. 20,018.

FRANCES E. MYERS *v.* LAWRENCE P. MYERS.
(375 P. [2d] 525)

Decided October 29, 1962.

Mr. JAMES R. AYERS, Mr. GEORGE A. HINSHAW, Mr. A. DANIEL ROONEY III, for plaintiff in error.

Mr. DUANE O. LITTELL, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE DAY.

PLAINTIFF in error, the wife of defendant in error, sued her husband to recover damages for personal injuries sustained by her in an automobile accident which occurred November 15, 1957, when, as alleged in the complaint, the husband was "in sole and absolute control of the motor vehicle in which plaintiff was riding." It was further alleged that the defendant "negligently or wilfully and recklessly drove his motor vehicle" thereby causing the injuries complained of. It was further alleged that the husband at said time and place "was operating said vehicle while intoxicated, which intoxication was without the knowledge of plaintiff."

By way of answer defendant husband, among other defenses, plead contributory negligence and assumption of risk on the part of the plaintiff wife.

Trial was to a jury resulting in a verdict for defendant. Motion for new trial was denied and judgment was entered on the verdict, from which the wife prosecutes this writ of error.

The matters urged for reversal are: 1. That the trial court erred in submitting to the jury instructions on the defenses of contributory negligence and assumption of risk; 2. That the trial court erred in not granting plain-

tiff a new trial based on alleged newly discovered evidence.

The facts gleaned from the record disclose that the automobile in which the plaintiff was riding was jointly owned by plaintiff and defendant. On the date of the accident the husband drank some intoxicants between 11 A.M. and 2:45 P.M. and then took the jointly owned automobile to the place where his wife was employed and waited until she completed her work at 3:30 P.M. Thereupon, by mutual agreement, they repaired to a tavern where they remained from approximately 4 P.M. until 8 P.M., during which time additional intoxicants were consumed. At about 8 P.M. they left the tavern, the husband driving the car. A few minutes later the accident occurred.

A witness testified that although she left the bar room some two and one-half hours before the time the husband and wife departed she was of the opinion that the husband was at that time intoxicated. The same witness testified that she heard the wife tell her husband she wanted to go home in a taxicab; that they had gone home in a taxi before when they had been drinking, and she wanted to go home in a cab. A studied effort was made by the wife's counsel to establish that the husband was not intoxicated before leaving the tavern.

From the evidence before it the jury could reasonably conclude that both husband and wife imbibed freely of the cup while in the tavern; that they went there for just such a purpose as they had in the past. A police sobriety test of the defendant husband indicated that he was intoxicated, and the blood ethyl alcohol test was introduced in evidence without objection on the part of the wife's counsel.

The proprietor of the tavern, called as a witness for plaintiff, testified that shortly before 8 P.M. of the day in question he observed the defendant and that he was then intoxicated.

This Court has on many occasions since 1936

clearly and concisely held that where a claim is made by a passenger of an automobile for injuries as a result of the intoxication or wilfulness and wantonness of the driver, instructions to the jury on contributory negligence and assumption of risk are proper if there is evidence justifying their submission. *Foster v. Redding*, 97 Colo. 4, 45 P. (2d) 940; *United Brotherhood v. Salter*, 114 Colo. 513, 167 P. (2) 954; *Wilson v. Hill*, 103 Colo. 409, 86 P. (2d) 1084; *Murrow v. Whiteley*, 125 Colo. 392, 244 P. (2d) 657; *Haller v. Gross*, 135 Colo. 218, 309 P. (2d) 598; *Cox v. Johnston*, 139 Colo. 376, 339 P. (2d) 989; *Pletchas v. Poppenheim*, 148 Colo. 127, 365 P. (2d) 261; *Applehans v. Kirkwood*, 148 Colo. 92, 365 P. (2d) 233. The instructions given in the instant case on these issues were complete and proper under the evidence.

■ This brings us to a consideration of the second point urged for reversal. That the trial court should have granted a new trial on the ground of newly discovered evidence. This point is based on the claim that after the verdict was rendered the wife discovered that the proprietor of the tavern who testified as above had made a contrary statement to another witness. The proprietor, it must be remembered, was called by the wife, and in answer to a question by her counsel gave it as his opinion that the husband was intoxicated at the time he left the tavern. No indication of surprise was then expressed by counsel, and no effort made to have the witness modify his testimony. A plaintiff cannot impeach his own witness in such circumstances, and not having claimed surprise at the time the testimony was given, he is in no position to inject a claim of newly discovered evidence as a means of overcoming the effect of his witness' testimony.

No error appearing in the record, the judgment must be and is affirmed.

MR. JUSTICE MCWILLIAMS and MR. JUSTICE PRINGLE concur.