## No. 20,458.

CLYDE T. JONES *v.* JEFFERSON COUNTY SCHOOL
DISTRICT No. R-1, ET AL.
(392 P. [2d] 165)

Decided May 11, 1964.

MR. LELAND S. HUTTNER, Mr. LIONEL DUNIEVITZ, for plaintiff in error.

Messrs. JANUARY, GILCHRIST & BLUNK, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE MCWILLIAMS delivered the opinion of the Court.

JONES made claim against Jefferson County School District No. R-1 and its employee, one Saindon, for damages allegedly suffered in a collision involving a truck and a school bus, which occurred at the intersection of West 66th Avenue and Miller Street in Jefferson County.

Trial by jury resulted in a general verdict in favor of Saindon and his employer, and appropriate judgment was duly entered. By writ of error Jones now seeks reversal of the judgment, contending as grounds therefor that the trial court erred in two particulars: (1) denying a motion for a directed verdict in his favor on the issue of liability and (2) in giving the jury instruction number 12.

The intersection wherein this accident occurred was uncontrolled and hence under applicable statute the driver of a vehicle approaching the intersection was required to yield the right-of-way to the driver of any vehicle already in the intersection. The speed limit on both streets was 25 miles per hour. The weather was inclement and according to both Jones and Saindon it had been misting and at the time of the accident (4 P.M.) was just beginning to snow.

Jones was driving a ¾ ton truck in a southerly direction on Miller Street and he testified that as he approached and entered the intersection of that street with West 66th Avenue he looked to his left and saw the school bus driven by Saindon some 15-20 feet east of the intersection proper. The bus, according to Jones, was proceeding very slowly and he thought it was going to stop at the northwest corner of the intersection in order to discharge passengers. This being the general picture as he viewed it, Jones stated that he thereupon

proceeded into the intersection at about 25 miles per hour, though he "could have been going 30 miles per hour."

Saindon testified that he was driving a school bus in a westerly direction on West 66th Avenue and that as he neared this intersection he slowed to 5-10 miles per hour. He admitted that he was intending to stop at the northwest corner, but was informed by certain of his passengers that the bus was supposed to stop on the southwest corner. Whereupon, according to Saindon, he looked to both his right and left and seeing no vehicular traffic proceeded into the intersection at 5-10 miles per hour intending to make a left-hand turn.

The right front of the bumper on the school bus came in contact with the left rear wheel of Jones' truck. "Who hit whom" was in dispute, Saindon contending that the bus did not strike the Jones truck and that his right front bumper was actually "hooked" by the Jones truck. The only damage to the school bus was the right front bumper which was "pulled out". The damage to the Jones truck was centered at the left rear wheel and was apparently of only minor proportion, the repair bill being $88.

The point of impact between the two vehicles as determined by the police was some 3 feet north of the south curb line of West 66th Avenue and some 7 feet *east* of the center line on Miller Street. Hence, at the time of impact the Jones truck was some 7 feet "on the wrong side of the street" and by the same token the school bus had not yet reached the center of Miller Street by some 7 feet.

On this factual situation Jones contends that the trial court erred in refusing to direct a verdict in his favor on the issue of liability. In other words, Jones argues that as a matter of law not only was Saindon negligent and such negligence a proximate cause of the collision, but also that he (Jones) was free of any contributory negligence. With this contention we are not in accord.

In *Lasnetske v. Parres*, 148 Colo. 71, 365 P. (2d) 250 it was declared that the issues of negligence, contributory negligence and proximate cause are matters generally to be resolved by the trier of the facts, and it is only in the clearest of cases, when the facts are undisputed and reasonable minds can draw but one inference from them, that the question of reasonable care and proximate cause is one of law to be decided by the Court.

The foregoing recitation of the sequence of events which gave birth to this collision is deemed sufficient to demonstrate that it would have been quite improper for the trial court to step in and take the issue of liability out of the hands of the jury. Would a reasonable person have driven into this intersection under the existing weather conditions at 25 to 30 miles per hour? What is the significance of the fact that Jones was apparently driving some 7 feet to the left of his center line? Would the accident have even occurred if Jones had been on the right-hand side of Miller Street? In view of the relative speeds of the two vehicles, which vehicle really did enter the intersection first? What is the credibility of Jones and Saindon? All, of course, are quite typical controverted issues of fact properly to be resolved by the jury and not by the court.

Jones also complains that the giving of instruction number 12 constituted reversible error. That instruction read as follows:

"If you find, that both parties were guilty of negligence at the time of the occurrence in question then the plaintiffs cannot recover."

Jones "objected" to the foregoing instruction, though the record before us fails to disclose any grounds therefor. This general "objection" fails to meet the requirements of Rule 51, R.C.P. Colo., which provides that "only the grounds so specified shall be considered on motion for a new trial or on writ of error." See *Sharoff v. Iacino*, 123 Colo. 456, 231 P. (2d) 959.

594

■ In this Court, however, Jones attacks instruction number 12 on the very specific ground that it fails to make any reference to proximate cause. "Proximate cause" was the subject matter of a separate instruction, and was also incorporated into the instruction on contributory negligence as well as in the instruction on negligence per se, i.e. failure to perform a duty imposed by state law. Such is still not sufficient, argues Jones. This contention is without merit.

In *Intermill v. Heumesser*, 154 Colo. 496, 391 P. (2d) 684, it was similarly contended that an instruction to the effect that a violation of a city ordinance is negligence per se was erroneous because such instruction failed to include therein the further declaration that any such violation must also be a proximate cause of the accident. In that case, as here, there was a separate instruction defining proximate cause, plus the further admonition that no one instruction contained all the law of the case, but that all instructions should be considered together. In the *Intermill* case, it was held that this alleged "omission" did not constitute error, with the astute observation that it was unnecessary "to repeat proximate cause in every instruction."

The judgment is affirmed.

Mr. Justice Moore not participating.