No. 22028.

RUBY J. NORDEN; ARO L. NORDEN; NOREEN J. NORDEN, A MINOR, BY HER NATURAL MOTHER AND NEXT FRIEND, RUBY J. NORDEN; AND RAYMOND L. NORDEN, A MINOR, BY HIS NATURAL MOTHER AND NEXT FRIEND, RUBY J. NORDEN *v.* ROBERT A. HENRY AND PIONEER CONSTRUCTION CO., A COLORADO CORPORATION.
(447 P.2d 212)

Decided November 18, 1968. Rehearing denied December 9, 1968.

MARVIN DANSKY, for plaintiffs in error.

WORMWOOD, WOLVINGTON, RENNER and DOSH, JACK KENT ANDERSON, for defendant in error Robert A. Henry.

JANUARY, GILCHRIST, BLUNK and JOHNSON, GEORGE E. JOHNSON, for defendant in error Pioneer Construction Co., a Colorado corporation.

*In Department.*

Opinion by MR. JUSTICE HODGES.

PLAINTIFFS-IN-ERROR Ruby Norden and her minor

children, Noreen and Raymond, were injured in an automobile accident while riding as guests of defendant-in-error Robert A. Henry. The plaintiffs-in-error brought an action against Henry, alleging his intoxication and gross negligence; and, against defendant-in-error Pioneer Construction Co., as contractor, for its alleged negligence in failing to warn the public of hazards created by road repairs. Plaintiff-in-error Aro L. Norden asked for damages for loss of consortium, for loss of services of his minor children, and for expenses incurred for medical and hospital attention for his wife and minor children. The alleged hazard created by the defendant road contractor was a ridge caused by a new layer of asphalt having been applied on the left lane of the southbound portion of this divided highway. This ridge allegedly caused Henry to lose control of his vehicle, which left the highway and overturned.

Both defendants affirmatively pled assumption of risk, and defendant Henry also relied upon the guest statute. Upon trial to a jury, the verdict and judgment were in favor of both defendants. These plaintiffs bring this writ of error seeking reversal of the judgment on the grounds that erroneous instructions were given to the jury.

■■ Instruction No. 10 quoted the Colorado guest statute, C.R.S. 1963, 13-9-1, which specifies that a host-driver may be liable to his guest for injury sustained in an accident caused by the driver's intoxication. This instruction also included the following definition of "intoxication" as used in the guest statute:

"You are further instructed that the term 'intoxication' implies undue or abnormal excitation of the passions or feelings, or the impairment of the capacity to think and act correctly and efficiently, and suggests a loss of the mental control of one's faculties."

At the outset, we note that there is no precedent in Colorado for this definition of intoxication as used in our guest statute. It apparently was derived from *Brady v. Schnitzer*, 135 Ore. 250, 295 P. 961, but the second

sentence of the definition in this Oregon case is deleted from the definition used in this instruction. Or, it may have been adopted from a definition of intoxication found in *Wadsworth v. Dunnam*, 98 Alabama 610, 13 So. 597, which is not a motor vehicle case.

We agree with the contention of plaintiffs that the definition of intoxication in Instruction No. 10 is not a correct statement of applicable Colorado law, and that it imposed upon the plaintiffs a much greater burden than required. Clearly this definition could implant in the minds of the jury that intoxication to at least an appreciable extent is required; and conceivably under this definition the jury may well have believed that defendant Henry must be shown to be near the outer limits of inebriation. This definition of intoxication is erroneous and the giving of it in Instruction No. 10 was unduly prejudicial to the plaintiffs. The record contains testimony of defendant Henry's drinking from a whisky bottle while driving, and that he was under the influence of intoxicating liquor immediately after the accident. The jury's determination on the questions of defendant Henry's intoxication, and if it was the cause of the accident, was essential to the disposition of this cause. Therefore, the erroneous definition of intoxication set forth in Instruction No. 10 requires reversal and a remand for a new trial.

 Instruction No. 10 is additionally deficient because it fails to relate intoxication to impairment of capacity to operate a motor vehicle. Our guest statute deals solely with the manner in which a driver operates a motor vehicle. If he is intoxicated he is held to be responsible for injuries to his guest who is injured as the result of an accident caused by his intoxication. Obviously, therefore, the definition of intoxication as that term is used in our guest statute must relate it to a guideline which will inform the jury of the degree of impairment of capacity to drive which would establish

causal connection between the accident and the driver's intoxication.

■ It is our holding that under our guest statute the criterion for determining whether a driver of a motor vehicle is intoxicated is well expressed in *United Brotherhood v. Salter*, 114 Colo. 513, 167 P.2d 954. We stated therein that intoxication means not that a driver should be intoxicated to the extent that his faculties are completely impaired, "but only that degree of influence which looses the bonds of self-restraint and causes him to operate his car in a manner different from that in which it would be operated by an ordinarily cautious and prudent person."

■ Having determined that this case must be reversed because of the prejudicial error in Instruction No. 10, we need only cursorily discuss the other errors claimed. Plaintiffs complain of Instructions No. 9 and No. 11, both of which relate to assumption of risk. They do not object to the content of the instructions, but instead they contend first, that there was no evidence in the record to support an instruction on assumption of risk; and, second, that the instructions were prejudicially repetitious. A review of the record discloses competent evidence to warrant submission of the issue of assumption of risk as to plaintiff Ruby J. Norden to the jury in this passenger's suit brought under the guest statute. *Myers v. Myers*, 151 Colo. 8, 375 P.2d 525, citing eight Colorado cases holding such an instruction is proper under these circumstances. However, we disapprove the giving of both Instructions No. 9 and No. 11, because they are essentially the same, and the repetition of instructions on assumption of risk would tend to confuse the jury by overly emphasizing this defense.

■ Plaintiffs also contend that the instructions on the issue of assumption of risk should not have been applied to the two minor plaintiffs, nor made available as a defense to defendant Pioneer Construction Co. How-

ever, the record fails to show that these grounds were specified by plaintiffs, either at the time of trial, or in their motion for new trial. Therefore, the requirements of R.C.P. Colo. 51 have not been fulfilled and these grounds for objection cannot be considered for the first time on this writ of error. *Jones v. School District,* 154 Colo. 590, 392 P.2d 165.

On retrial we direct attention to the questionable applicability of the doctrine of assumption of risk to the two minor plaintiffs because of their age, their relationship to the defendant, and the fact of parental control over them by their mother. Also, additionally, under the record of this case now before us, we have grave concern as to whether assumption of risk is available as a defense by defendant Pioneer Construction Co., and therefore whether the assumption of risk instruction should exclude this defendant from its application.

Plaintiffs-in-error also complain of Instructions No. 12, No. 13 and No. 14. Of these No. 12 states the "look-and-see" doctrine; No. 13 declares the non-liability of defendant-in-error Pioneer Construction Co. for the conduct of State Highway Department employees; and, No. 14 relates to posted speed limits and special hazards. We find no error in the giving of these instructions.

Instruction No. 8, to which plaintiffs also object, purports to instruct the jury on the law applicable to determining the liability of defendant-in-error Pioneer Construction Co. This instruction is defective in form, because it is stated in general and abstract terms. It is also deficient in substance, because it makes no reference to a contractor's duty to warn the traveling public of hazardous highway conditions.

The judgment is reversed and the cause is remanded for a new trial.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE DAY and MR. JUSTICE GROVES concur.