## No. 26014

## The People of the State of Colorado v. Robert Eugene Stephens
(532 P.2d 728)

Decided March 3, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Harry L. Hellerstein, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is an appeal by Robert Eugene Stephens, referred to herein as the defendant, who was convicted of aggravated robbery and assault with intent to rob in violation of 1967 Perm. Supp., C.R.S. 1963, 40-5-1 and C.R.S. 1963, 40-2-34. The defendant has urged reversal on the basis of three assignments of error. We find the record to be free of reversible error as to aggravated robbery and therefore affirm that conviction, but find error as to the conviction of assault with intent to rob and therefore reverse and dismiss as to that conviction.

On the evening of February 19, 1971, Emery Weeks was physically attacked by two assailants outside of the grocery store which he managed. He was knocked to the ground and was robbed of $8,500 he had just obtained from his bank. As a result of an investigation by the Littleton City Police Department, the defendant and his alleged accomplice were charged with aggravated robbery and assault with intent to rob.

The defendant was arrested in Omaha, Nebraska while incarcerated for an unrelated offense. He was interrogated in the Omaha city jail by Sgt. Thomas Frederick of the Littleton Police Department and James DeRose of the Arapahoe County District Attorney's staff regarding the Littleton robbery. During this interrogation the defendant made certain ostensibly exculpatory statements which contradicted other information in the possession of the police.

At the defendant's trial and after an *in camera* hearing, the exculpatory statements were admitted into evidence. At the conclusion of the trial the matter was submitted to the jury with instructions, among others, on aggravated robbery, assault with intent to rob, and accessory before the fact.

The defendant has appealed contending that (1) he did not waive his constitutional rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), at the time of his interrogation, therefore, it was error to admit his exculpatory

statements into evidence; (2) the giving of the accessory instruction, over defendant's objection, under the circumstances, constituted a denial of due process of law; (3) the court erred in failing to instruct the jury that assault with intent to rob is a lesser included offense of aggravated robbery and, as such, cannot form the basis of an independent and distinct criminal charge. The defendant's contentions will be discussed in the order stated above.

I.

The ruling in *Miranda* is well known and need not be repeated here, except to note that a defendant may waive his right against self-incrimination if done 'knowingly and intelligently.' The burden of establishing waiver rests upon the People. The waiver need not be express, *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), and strong and unmistakable circumstances may suffice. *Reed v. People,* 171 Colo. 421, 467 P.2d 809 (1970).

The ritual followed by the two officials who questioned the defendant and his responses were sufficient to justify the trial court's finding that the defendant knowingly and intelligently waived his constitutional right against self-incrimination. He stated that he understood the rights and that he did not want counsel present even though counsel had been appointed for him prior to this time. Under the circumstances, he effectively waived counsel. *United States v. Fellabaum,* 408 F.2d 220 (7th Cir. 1969); *Dillon v. United States,* 391 F.2d 433 (10th Cir. 1968). His refusal to sign a written acknowledgment is not preclusive to a knowing and intelligent waiver. *Wafer v. People,* 175 Colo. 332, 488 P.2d 73 (1971).

The circumstances in the instant case are unmistakable and convincing. The trial court properly admitted the defendant's statements after determining that the defendant had knowingly and intelligently waived his constitutional rights.

II.

The defendant asserts error by the court in submitting the following instruction to the jury:

"It is necessary for you to consider the following portion of the statutory definition of an accessory, viz:

"An accessory is he or she who stands by and aids, abets or

assists, or who, not being present, aiding, abetting or assisting, hath advised and encouraged the perpetration of the crime. He or she who thus aids, abets, or assists, advises or encourages, shall be deemed and considered as principal and punished accordingly. "A principal is defined as the chief actor or perpetrator of the crime."

We have approved the use of this instruction whenever "two or more persons are jointly engaged in the commission of a crime . . . ." *Cruz v. People,* 147 Colo. 528, 364 P.2d 561 (1961); *Schreiner v. People,* 146 Colo. 19, 360 P.2d 443 (1961).

The defendant argues that the effect of this instruction was to allow the jury to convict the defendant of aggravated robbery without every element of that crime having been proven as to him. The defendant contends that this constitutes a denial of due process.

We considered this same argument in *Reed v. People,* 171 Colo. 421, 467 P.2d 809 (1970). Therein, it was stated: "Where two or more are involved in the commission of a criminal offense and one helps the other, though not actually performing all the acts necessary to the commission of the offense, all are, nevertheless, principal offenders and are punishable *as though all have committed the necessary acts.*" (Citations omitted.) (Emphasis added.)

The defendant relies on *Pieramico v. People,* 173 Colo. 276, 478 P.2d 304 (1970) for the proposition that the accessory instruction was improper. The appellant there was convicted of aggravated robbery on the testimony of two accomplices. He assigned error for the court's failure to give the accessory instruction. We held it was not necessary because neither the appellant nor the other defendant had been charged with being accessories *during or after the fact.* The holding in the case is not applicable here.

### III.

The defendant presents two arguments with respect to lesser included offenses. First, it is asserted that assault with intent to rob, C.R.S. 1963, 40-2-34, is a lesser included offense of aggravated robbery, 1967 Perm. Supp., C.R.S. 1963, 40-5-1(2), and therefore the jury could not convict him of both offenses.

In *People v. Bugarin,* 181 Colo. 62, 507 P.2d 875 (1973),

we established the test by which it may be determined if a single act gives rise to more than one chargeable offense. An application of this test to the instant case compels the conclusion that assault with intent to rob is a lesser included offense of aggravated robbery. *See People v. Hancock,* 186 Colo. 30, 525 P.2d 435 (1974). The People have argued for a difference based on the fact that aggravated robbery can be predicated on intimidation, 1967 Perm. Supp., C.R.S. 1963, 40-5-1(2)(c); whereas, assault with intent to rob requires an attempt to commit a violent injury and a present ability to inflict such an injury. *See* C.R.S. 1963, 40-2-33. However, in *McNamara v. People,* 24 Colo. 61, 48 P. 541 (1897), this court decided that the gravamen of the People's argument, actual ability to inflict injury, was not an essential element of the crime of assault with intent to rob. Therefore, since assault with intent to rob is a lesser included offense of aggravated robbery, it was error for the court to permit both verdicts to stand. Thus, the conviction on the lesser included offense must be set aside.

█ As a second matter, the defendant argues that, since assault with a deadly weapon is a lesser included offense of aggravated robbery, the jury should have been instructed on that lesser offense. However, the record does not disclose that the defendant tendered an instruction on this point. Nor did the defendant raise this issue in his motion for a new trial. Hence, we need not reach this issue. *Robinson v. People,* 173 Colo. 113, 476 P.2d 262 (1970); *Norden v. Henry,* 167 Colo. 274, 447 P.2d 212 (1968).

Judgment is affirmed as to aggravated robbery and reversed as to assault with intent to rob and the judgment thereon is ordered vacated.

MR. JUSTICE LEE does not participate.