**F I L E D**

**UNITED STATES COURT OF APPEALS**

**February 21, 2007**

**TENTH CIRCUIT**

LEONID DMITRUK, Administrator of
the Estate of Alexander Bugaychuk,
deceased; YELENA BUGAYCHUK,
an individual; NATALIA MELNIK, an
individual; IRINA MOROZOV,
Personally and as Administrator of the
Estate of Yevgeniy Morozov, deceased
and as Guardian for Sara Morozov a
minor and Eleanna Morozov a minor,

     Plaintiffs-Appellants,

v.

GEORGE AND SONS' REPAIR
SHOP, INC., D.B.A. "GEORGE'S
TOWING;" and GEORGE ROSLER,

     Defendants-Appellees.

No. 06-1188

(D.C. No. 03-cv-2355-RPM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN, BALDOCK,** and **HOLMES**, Circuit Judges.

Plaintiffs brought this negligence action after their relatives, Yevgeny

Morozov and Alexander Bugaychuk, were killed when their vehicle crashed into the

back of a semi-truck parked on an exit ramp along Interstate 70 in Colorado. The

_____

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

district court granted Defendants' motion for summary judgment on Plaintiffs' claims. Plaintiffs now appeal that judgment. We exercise jurisdiction pursuant to 28 U.S.C. § 1291. After studying the briefs and the record, and hearing oral argument, we affirm the district court's judgment because Plaintiffs failed to present sufficient evidence of proximate cause.

I.

On the morning of November 26, 2001, an Angel Express semi-truck Jorge Lage was driving became stuck in the snow on the eastbound side of Interstate 70 in eastern Colorado. Colorado Highway Patrol called Defendant George and Sons Repair Shop, seeking a tow-truck to pull the Angel Express semi-truck back onto the road. Defendant George Rosler responded, hooked up his tow-truck to the semi-truck, and pulled it back onto the pavement. Rosler then unhooked the tow-truck and asked Lage to follow him to the next exit to settle the bill. The two trucks traveled eastbound on Interstate 70 approximately one mile, and then exited out of the two main lanes of travel on Interstate 70, merging into a third exit lane. The exit lane, which led only to pasture land, was snow packed. The two trucks came to a stop, the tow-truck in the front and the Angel Express directly behind the tow-truck, as far right in the exit lane as possible without going into the ditch. Both trucks had their hazard lights flashing, but neither driver placed warning triangles out on the highway beside or behind their vehicles.

Rosler stayed in his tow-truck while Lage telephoned his company to arrange

2

for payment. A few minutes after the trucks came to a stop, a Budget-Rent-A-Van (a small moving van), driven by Yevgeny Morozov slammed into the back of the semi-truck. Police determined Morozov did not brake or otherwise attempt to avoid the Angel Express truck. Also, police estimates indicate Morozov was traveling at least 43 m.p.h., a high rate of speed for the road conditions. Morozov died instantly. His passenger, Alexander Bugaychuk, died several hours later.

Plaintiffs, Morozov and Bugychuk's family members and estate administrators, first filed suit for wrongful death and personal injuries against Angel Express and Jorge Lage in Washington state court. While that action was pending, Plaintiffs filed suit against Rosler and George and Sons in the United States District Court in Colorado. Plaintiffs claimed Rosler was negligent in failing to place triangular warning devices behind the stopped trucks. Plaintiffs eventually added Lage and Angel Express as Defendants in the Colorado action. Plaintiffs subsequently settled the Washington state suit with Lage and Angel Express and dismissed them as defendants in the Colorado action, leaving only the claims against Rosler and George and Sons. Meanwhile, Bugaychuk's heirs and the administrator of his estate (Plaintiffs Yelena Bugaychuk, Natalia Melnik and Leonid Dmitruk) recovered from Budget Van Rental's insurance company under the theory that Morozov was responsible for the accident. In so doing, these Plaintiffs signed a "Release," releasing Morozov's estate, Budget, the insurance company, "and all other persons, firms, corporations, associations and partnerships" from any future claims.

3

Defendants filed a motion for summary judgment arguing they were not responsible for the accident, or, in the alternative, Plaintiffs' Washington state lawsuit acted as a bar to their Colorado lawsuit inasmuch as Colo. Rev. Stat. § 13-21-203(1) permits only one wrongful death action of any one decedent. Defendants also argued Plaintiffs Yelena Bugaychuk, Natalia Melnik, and Leonid Dmitruk released their claims against Defendants when they signed the "Release" after settling with Budget Van Rental's insurance company. Plaintiffs filed a cross-motion for partial summary judgment. Plaintiffs argued Defendants failure to comply with Colo. Rev. Stat. § 42-4-230 and a similar federal regulation, which require placement of warning triangles behind vehicles parked along highways, constituted negligence per se. The district court agreed with Defendants in all respects, granted their motion for summary judgment and denied Plaintiffs' motion for partial summary judgment.

II.

We review the district court's summary judgment order de novo, "using the same standards applied by the district court." Stover v. Martinez, 382 F.3d 1064, 1070 (10th Cir. 2004). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). This is a diversity case and the parties agree Colorado

4

negligence law governs the liability aspect of Plaintiffs' claims.[1]


A.

To succeed in a negligence action in Colorado, a plaintiff must show the existence of a duty on the part of the defendant; a breach of that duty; a causal connection between defendant's breach and plaintiff's injury; and injury to the plaintiff. Oliver v. Amity Mut. Irrigation Co., 994 P.2d 495, 497 (Colo. Ct. App. 1999). Plaintiffs allege Rosler's failure to place warning triangles behind his vehicle as required by Colorado law and federal highway regulations, establishes negligence. In particular, Plaintiffs charge Defendants with violating the following Colorado statute:

> [W]henever a motor vehicle . . . is stopped upon the traveled portion of a highway or the shoulder of a highway for any cause other than necessary traffic stops, the driver shall, as soon as possible, but in any event within ten minutes, place the bidirectional emergency reflective triangles in the following manner:
>
> a) One at the traffic side of the stopped vehicle, within ten feet of the front or rear of the vehicle;
>
> b) One at a distance of approximately one hundred feet from the stopped vehicle in the center of the traffic lane or shoulder occupied by the vehicle and in the direction of the traffic approaching in that lane;

---

[1] The parties disagree about whether Washington or Colorado law applies as to the rules of recovery, including whether Colorado's wrongful death statute prohibits multiple wrongful death actions and whether punitive damages are available to Plaintiffs. We need not reach these issues in light of our conclusion that Plaintiffs failed to present sufficient evidence of proximate cause.

5

and

> c) One at a distance of approximately one hundred feet from the stopped vehicle in the opposite direction from those placed in accordance with paragraphs (a) and (b) of this subsection (3) in the center of the traffic lane or shoulder occupied by the vehicle[.]

Colo. Rev. Stat. § 42-4-230(3). Plaintiffs also allege Defendants violated a similar federal regulation requiring commercial motor vehicles engaged in interstate commerce to place warning devices up to 500 feet from a stopped vehicle. See 49 C.F.R § 392.22.

In granting Defendants' motion for summary judgment, the district court determined nothing in the record suggested absence of the warning triangles behind the trucks caused the collision.[2] Defendants argued below, and now on appeal, that they complied with Colo. Rev. Stat. § 42-4-230 because the accident occurred less than ten minutes after Rosler and the Angel Express truck came to a stop. Defendants also argue they were under no obligation to comply with the federal regulation because George and Sons is not engaged in interstate commerce. As demonstrated below, we need not determine whether Defendants violated Colo. Rev.

---

[2] In addition to this ruling, the district court decided Colo. Rev. Stat. § 13-21-203 barred Plaintiffs from bringing a second wrongful death action in Colorado as they already brought a similar action in Washington. Additionally, the district court broadly read the "Release," signed by Bugaychuk's heirs when they settled with Budget Van Rental's insurance company, to bar all subsequent claims for recovery for Bugaychuk's death. Like the issues surrounding the parties' disagreement over the rules of recovery, see supra n.1, we need not reach these issues because we agree with the district court's proximate cause analysis.

Stat. § 42-4-230 or whether Defendants were obliged to comply with the federal regulation.

B.

Under Colorado law, violation of a statute, ordinance, or regulation adopted for the public's safety may be negligence per se. In Hageman v. TSI, Inc., 786 P.2d 452, 453-454 (Colo. App. 1989), the Colorado Court of Appeals stated:

> Violation of a statute or ordinance adopted for the public's safety may be negligence per se and establish the violator's civil liability for all damages proximately caused thereby. Before the doctrine can apply, the injured party must show that he or she is a member of the class that the statute or ordinance was intended to protect, that the injuries suffered were of the kind the statute was enacted to prevent, and that the statute or ordinance prescribes or proscribes specific conduct. If these criteria are met, the legislation establishes the standard of conduct of a reasonable person, subject in some cases to the violator's affirmative defense that compliance was impossible or would have created a greater risk of danger or injury.

Even if the violation of a statute supports a negligence per se claim, the plaintiff must still show the defendant's negligence was the cause of the plaintiff's injuries. Lombard v. Colo. Outdoor Educ. Ctr., Inc., -- P.3d --, 2007 WL 177686, at *4 (Colo. App. January 25, 2007) (noting that plaintiffs alleging negligence per se must show that defendant's statutory violation proximately caused the injuries at issue). Here, even assuming Defendants violated Colo. Rev. Stat. § 42-4-230 and 49 C.F.R § 392.22, and such violations constituted negligence per se, Plaintiffs failed to present evidence that such violations were the proximate cause of the accident.

Plaintiffs do not cite to instances in the record indicating they raised a

7

question of fact as to the proximate cause of the accident; instead, they insist proximate cause is an issue for the jury to decide, not a question of law for the judge to decide at summary judgment. As a general rule, Plaintiffs are correct and the question of proximate cause in a negligence case is one of fact for the jury. Bannister v. Noble, 812 F.2d 1265, 1267 (10th Cir. 1987). But, the proximate cause of an injury becomes a question of law "where the evidence together with all inferences which may be properly deduced therefrom is insufficient to show a causal connection between the alleged wrong and the injury. Id. (quoting Gates v. United States, 707 F.2d 1141, 1145 (10th Cir. 1983)); see also Jones v. Jefferson County School Dist., 392 P.2d 165, 167 (Colo. 1964) (when the facts are undisputed and reasonable minds can draw but one inference from them, then the question of proximate cause is one of law to be decided by the court). In other words, to survive summary judgment, the party bearing the burden of proof at trial on a dispositive issue must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence, as a triable issue, of an element essential to that party's case. See McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998).

We agree with the district court that Plaintiffs failed to show the absence of the warning triangles proximately caused the collision. The undisputed facts reveal that November 26, 2001 was a clear day, and both trucks had their emergency hazard lights flashing. Trooper Jason Bandy, the state police officer who responded to the

8

accident, testified that minutes before the accident he drove past the trucks sitting on the exit ramp and he could easily see them. The trucks were pulled off into the exit lane or the exit ramp and not in the main two lanes of eastbound travel on the interstate. Despite clear visibility, the display of hazard lights and the placement of the trucks off the traveled portion of the highway, Morozov inexplicably slammed into the rear of the semi-truck without slowing down and without swerving to avoid it.

Based on these undisputed facts, we agree with the district court that nothing suggests placement of the triangles would have prevented the collision. In other words, absolutely nothing in the record suggests Rosler's failure to put out the warning triangles was the proximate cause of the accident. Because Plaintiffs failed to present any evidence that Defendants caused the accident, an essential element of their claim, the district court correctly granted summary judgment in this case.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge