FILED
United States Court of Appeals
Tenth Circuit

July 16, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EUGENE H. MATHISON,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 15-1075
(D.C. No. 1:13-CV-00110-PAB-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Eugene Mathison appeals the district court's grant of summary judgment in

favor of the United States in his Federal Tort Claims Act ("FTCA") case. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

At the time relevant to this appeal, Mathison was incarcerated at the Federal

Prison Camp in Florence, Colorado. According to sworn affidavits submitted by

Mathison, his daughters, and his fellow inmates, Mathison had no trouble hearing

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

prior to February 2011. A February 2009 medical duty status report did not indicate that Mathison suffered from deafness or partial hearing loss, and no hearing issues were noted during a February 9, 2011 medical appointment.

Mathison alleges that the volume of the prison's public address system was increased to painful levels during February or March 2011. He avers that he spent more time than other prisoners in the law library and hallways where the public address speakers were located. During March or April 2011, Mathison informed prison staff that the increased volume was painful, but staff did not take action. Later, during May and June 2011, he filed multiple grievance forms, and prison staff eventually resolved the issue by decreasing the volume of the public address system.

As a result of his exposure to the public address system, Mathison alleges that he began to suffer hearing loss. The sworn affidavits submitted by Mathison's daughters and other inmates confirm that his hearing difficulties began subsequent to the increase in the public address system volume. On May 6, 2011, a doctor ordered that Mathison receive a hearing test. Audiometric examinations administered on July 22 and November 22, 2011, indicate that Mathison was suffering from hearing loss. Mathison was referred to receive hearing aids on August 5, 2011. A February 24, 2014, audiogram confirms that he continues to suffer from sensorineural hearing loss.

Mathison filed suit under the FTCA, alleging that prison staff negligently failed to reduce the unsafe levels of noise generated by the public address system and thereby caused his hearing loss. The district court granted summary judgment in favor of the United States, concluding that Mathison failed to prove the element of

causation because he failed to provide expert testimony and thus proved only temporal proximity between the increase in the public address system volume and his hearing loss.  Mathison timely appealed.[1]

## II

We review a district court's grant of summary judgment de novo, viewing the evidence and drawing reasonable inferences in the light most favorable to the non-moving party.  Seifert v. Unified Gov't of Wyandotte Cnty./Kan. City, Kan., 779 F.3d 1141, 1150 (10th Cir. 2015).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

"State substantive law applies to suits brought against the United States under the FTCA."  Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1117 (10th Cir. 2014).  Under Colorado law, to prevail on a negligence claim a plaintiff must prove "the existence of a legal duty owed by the defendant to the plaintiff, a breach of that duty, injury to the plaintiff, and a causal relationship between the breach and the injury."  Gerrity Oil & Gas Corp. v. Magness, 946 P.2d 913, 929 (Colo. 1997).  The district court concluded that the United States owed Mathison a duty and that a genuine dispute of material fact exists as to whether the United States breached that duty.  Neither party contests that Mathison's hearing loss constitutes an injury.  Accordingly, only causation is at issue on appeal.

---

[1] Because Mathison proceeds pro se, we construe his filings liberally.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

"While the issue of causation is ordinarily a question for the jury, when the facts are undisputed and reasonable minds could draw but one inference from them, causation becomes a question of law for the court." Gibbons v. Ludlow, 304 P.3d 239, 244 (Colo. 2013) (quotations omitted). "To prove causation in a negligence case, the plaintiff must show by a preponderance of the evidence that the injury would not have occurred but for the defendant's negligent conduct." Kaiser Health Found. Health Plan of Colo. v. Sharp, 741 P.2d 714, 719 (Colo. 1987). "The requirement of 'but for' causation is satisfied if the negligent conduct in a natural and continued sequence, unbroken by any efficient, intervening cause, produces the result complained of, and without which the result would not have occurred." Reigel v. SavaSeniorCare L.L.C., 292 P.3d 977, 985 (Colo. App. 2011) (quotations and alterations omitted). Although "the plaintiff need not prove with absolute certainty that the defendant's conduct caused the plaintiff's harm, or establish that the defendant's negligence was the only cause of the injury suffered . . . the plaintiff must establish causation beyond mere possibility or speculation." Kaiser, 741 P.2d at 719.

Under Colorado law, expert testimony is generally required when an issue is outside the common knowledge or experience of ordinary persons. United Blood Servs. v. Quintana, 827 P.2d 509, 520 (Colo. 1992). Thus, expert testimony may be necessary when proof of causation requires answering technical questions which are beyond the discernment capacity of laypersons. See, e.g., Truck Ins. Exch. v. MagneTek, Inc., 360 F.3d 1206, 1214-16 (10th Cir. 2004) (applying Colorado law)

-4-

(expert testimony necessary to prove causation in products liability case); <u>Allen v. Martin</u>, 203 P.3d 546, 569 (Colo. App. 2008) (expert testimony necessary to prove causation in legal malpractice cases); <u>see also</u> <u>Howell v. Centric Grp., LLC</u>, No. 09-CV-02299-MSK-CBS, 2011 WL 4499372, at *5 (D. Colo. Sept. 27, 2011) (unpublished) (observing that "where questions of causation are beyond the knowledge and experience of ordinary persons, expert testimony may be required").

The case at bar is not one in which causation is plainly identifiable by a layperson. <u>Cf.</u> <u>Oliver v. Amity Mut. Irrigation Co.</u>, 994 P.2d 495, 499 (Colo. App. 1999) (holding lay witness testimony sufficient to establish that failure to maintain a ditch bank caused its collapse). Rather, to prove causation, Mathison must identify the source of his sensorineural hearing loss, a complex medical question outside lay competence. <u>See</u> <u>Anderson v. Watson</u>, 953 P.2d 1284, 1289 (Colo. 1998) (concluding that expert testimony may be required to explain cause of injuries in an automobile collision). Colorado courts have repeatedly held that expert medical testimony constitutes a sufficient basis for juries to find causation in tort actions. <u>See, e.g.</u>, <u>Nelson v. Hammon</u>, 802 P.2d 452, 457 (Colo. 1990) (expert medical testimony sufficient evidence to prove cause of deadly infection); <u>Reigel</u>, 292 P.3d at 289 (expert medical testimony sufficient evidence to prove cause of death). Moreover, it is because lay people are not familiar with technical medical issues that Colorado requires plaintiffs in medical malpractice cases to provide expert testimony concerning the standard of care. <u>See</u> <u>Quintana</u>, 827 P.2d at 519-20.

Without expert testimony, Mathison can prove only that he suffered hearing loss after the public address system volume increased, and this temporal proximity alone is insufficient to carry his burden of proof. Courts applying Colorado law have concluded that proof of "temporal relation . . . is insufficient to carry the burden of proof" on causation. In re Swine Flu Immunization Prods. Liab. Litig., 533 F. Supp. 567, 579-81 (D. Colo. 1980); see also Howell, 2011 WL 4499372, at *5-6 (concluding that temporal relationship between exposure to oil and loss of sense of smell is insufficient to prove causation under Colorado law).[2] We thus conclude as a matter of law, see Gibbons, 304 P.3d at 244, that Mathison has not met his burden of proving that the increased public address system volume caused his hearing loss "beyond mere possibility or speculation," Kaiser, 741 P.2d at 719. Viewing the facts in the light most favorable to Mathison, he has shown that his hearing was undamaged until February 2011, that the public address system volume was subsequently increased, and that his hearing was later found to be impaired. But this temporal proximity "is insufficient to carry the burden of proof." In re Swine Flu, 533 F. Supp. at 581.

Instead of explaining how Colorado law could permit his claim to survive summary judgment, Mathison relies primarily on cases from other jurisdictions. The

---

[2] Several authorities cited by the district court in support of this proposition, as well as many identified in the parties' briefs, concern federal evidence law or otherwise do not apply Colorado law. Cf. Pound v. Ins. Co. of N. Am., 439 F.2d 1059, 1063 (10th Cir. 1971) ("[A] federal court applying state law cannot . . . ignore the state's law and adopt a different approach, no matter how honored that approach may be.").

cases applying Colorado law that he cites only restate the legal definition of causation, see Dmitruk v. George & Sons' Repair Shop, Inc., 217 F. App'x 765, 769 (10th Cir. 2007) (unpublished); Ayala v. United States, 846 F. Supp. 1431, 1441 (D. Colo. 1993), or concern the inapposite issue of when an expert is reliable under Federal Rule of Evidence 702, see Etherton v. Owners Ins. Co., 35 F. Supp. 3d 1360, 1366-67 (D. Colo. 2014). Mathison also charges that an affidavit submitted by the government's expert is unreliable, misleading, and rooted in fraud. But Mathison bears the burden of proof on the issue of causation, and because he has not presented evidence sufficient to meet that burden, any flaws in the expert's affidavit are irrelevant to the legal issue before us.[3]

## III

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.[4]

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[3] Accordingly, like the district court, we decline to address Mathison's argument that the government committed fraud on the court by supplying certain documents to the expert for use in preparing her affidavit.

[4] In his opening brief, Mathison argues that the district court abused its discretion by allowing the United States to file a bill of costs. However, in his reply brief, Mathison admits that the issue is likely moot. We thus deem the issue waived and decline to address it. See Wood v. Milyard, 132 S. Ct. 1826, 1832 n.4 (2012) ("A waived claim or defense is one that a party has knowingly and intelligently relinquished.").