No. 12,850.

ZIEMER *v.* WHEELER.
IN RE ZIEMER ET AL.
(1 P. [2d] 579)

Decided June 22, 1931.

Mr. AVERY T. SEARLE, for plaintiff in error.

Mr. CLARENCE L. IRELAND, Attorney General, for defendant in error.

*En Banc.*

Mr. Justice Alter delivered the opinion of the court.

George Ziemer appears here as plaintiff in error, and will hereinafter be referred to as plaintiff, while W. B. Wheeler, an officer of the state bureau of child and animal protection, appears as defendant in error, and will hereinafter be referred to as defendant. The sole question presented for our determination is the legality and regularity of the proceedings under which the eleven children of plaintiff were committed to the State Home for Dependent and Neglected Children. Plaintiff contends that the court was without jurisdiction to hear and determine the cause, and that all the proceedings in connection therewith were void, and therefore the cause should be reversed and remanded, with an order for its dismissal.

The record before us discloses that, on February 6, 1930, defendant filed his verified petition asking that the eleven children of plaintiff be declared to be dependent and neglected children, and, as such, committed to the state home. The petition alleged lack of parental care, immorality of the mother, and the unfitness of the home as the reasons for the requested declaration, and prayed that a citation be issued requiring plaintiff and his wife to be and appear before the court at 10 o'clock on Saturday morning, February 8, 1930, to show cause why the prayer of the petition should not be granted. No written return of the service of citation appears, nor is there a statutory waiver of service, but it does appear, from the affidavits of the sheriff, deputy sheriff, the plaintiff, his wife, and several others, which affidavits are certified here as part of the record, that the only service of the citation was made about noon on Friday, February 7, 1930; this does not comply with the provisions of section 605, C. L. 1921. It further appears by the record herein that, after an alleged hearing, a decree or order was entered

and the children committed, by order of court, to the state home, upon a petition which, as shown by the record, bore the typewritten name of defendant, and was sworn to before the county judge before whom the matter was pending. It also affirmatively appears from the record that, during the pretended hearing, the children were not in the court room, nor was anyone there representing them, nor were they sworn to testify. It also appears from the record herein, by the affidavits of plaintiff, his wife, and the sheriff, who were present during the entire proceeding, which, they assert, consumed about ten minutes, that no witnesses were sworn nor was any evidence whatever taken, and the only matter taken into consideration by the court during the course of the proceedings was the unsworn statement of one whose statement was afterwards stricken from the files, and which does not appear here, together with some informal discussion with the defendant and some conversations between the court and district attorney and the wife of plaintiff. The court did not, as provided by section 605, C. L. 1921, apprise the plaintiff and his wife, the parents of the eleven children, of the effect of an order of court sending their children to the state home, or of declaring them to be dependent children. The court, in ruling upon one of the numerous motions and petitions filed herein, found that the proceedings were conducted according to law, and that the rights of the children were carefully safeguarded during the entire proceeding, and, also, that service of the citation was unnecessary, because the parents were personally present in court at the time fixed in the citation.

It further appears from the record that the order or decree utterly fails to find that the children involved were dependent and neglected. The only provisions in the so-called order or decree pertains to the filing of the petition, the issuance of the citation, the investigation of the facts by the court, and to the children being present; recites the names of the children and their ages, which range from five to seventeen years; it then recites that a

physician has examined the *child*, and has filed a verified certificate in writing herein, showing that the *child* has no chronic or contagious disease, and has not been exposed to contagion, while, from the record herein, it appears affirmatively that no such certificate was ever filed, although a blank certificate is certified by the clerk of the court as a part thereof, but upon the question of the dependency and neglect, the main point to be determined by the court, the so-called order or decree is as silent as the tomb. The record discloses that nine of the children were safely in the state home within little more than thirty-six hours after the service of the citation.

■ The Attorney General, in his brief, does not undertake to justify the summary and unlawful manner which characterized this entire proceeding, and we have searched the record to find some reason or justification for this unseemly and unlawful haste. Our statutes provide an orderly procedure for determining the dependency of children, and its provisions must be respected if orders and decrees in these matters are to be enforced. In a matter fraught with such seriousness to the parents and lasting effect upon the lives of children, it does seem strange that such unnecessary haste, such disregard of statutory and constitutional rights, should characterize the entire proceeding.

The entire record is replete with errors; shows an utter indifference to the statutes, and no attempt to understand or follow them; it is a source of wonderment to us that, in so simple a proceeding, so many errors could have been committed.

■ The parents were ignorant, unaccustomed to court proceedings, and wholly incompetent to represent themselves, let alone attempting to represent their children, and it would seem that this court's admonition in *Kahm v. People*, 83 Colo. 300, 303, 304, 264 Pac. 718, with respect to the duty which the court owes to parents and children, should be followed in matters of this nature. The trial court took judicial notice of the fact that plain-

tiff had, at some time, been convicted of a violation of the prohibitory law of this state, but this fact alone would not justify it in taking from the parent the custody and control of his children.

■ Neither the citation was served timely, nor was there a statutory waiver of service, nor were the parents advised regarding the nature of the proceedings nor the effect of the order or finding, all as provided in section 605, C. L. 1921, and, therefore, the court was without jurisdiction, its entire proceedings and the decree and order made therein were void.

The judgment is reversed, and the cause remanded with directions to the lower court to set aside and vacate its final order or decree herein and to proceed in harmony herewith.