No. 24091.

NANCY JOHNSON *v.* THE PEOPLE OF THE STATE OF COLORADO, IN THE INTEREST OF W_____ J_____, AND UPON THE PETITION OF CARMAH LAWLER.
(459 P.2d 579)

Decided October 6, 1969.     Rehearing denied October 27, 1969.

138

JAMES RODE, RICHARD F. HENNESSEY, BRUCE MYR FLOS-
SIC, for plaintiff in error.

MAX P. ZALL, City Attorney, FRANK A. ELZI, Assistant,
ROBERT A. POWELL, Assistant, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

As authorized by 1967 Perm. Supp., C.R.S. 1963,
22-1-4(1) of the recently enacted Colorado Children's
Code, a petition was filed in the juvenile court in Denver
alleging that W.J., an infant child, lacked proper parental
care because of the actions or omissions of Nancy John-
son, the child's teen-aged, unwed mother. The summons,
which was served on Nancy Johnson, with a copy of the
petition, notified her that at the hearing on the petition,
the court would also determine whether her parental
rights should be terminated to free the child for adoption.
Prior to the hearing, the Denver Welfare Department
had placed the child in a foster home where the child
has apparently remained during the pendency of this
writ of error.

Having expressed the desire at the hearing and before
to keep the child, Nancy Johnson now seeks reversal of
the judgment of the juvenile court which declared that
the child was dependent or neglected; that the child
lacked proper parental care; and that Nancy Johnson's
parental rights were terminated, thus freeing the child
for adoption.

Nancy Johnson was represented by counsel at all

stages of the proceedings and the hearing on the petition in the juvenile court. In support of her writ of error, it is contended that the evidence before the juvenile court was insufficient to support the finding of dependency, neglect and lack of parental care. We are also urged to reverse the court's judgment terminating Nancy Johnson's parental rights on the claim that this disposition is proper only after a separate dispositional hearing, which was not afforded in this case. In this regard, it is also claimed that her constitutional rights of due process were thus violated.

From our examination of the record in this case, we have concluded that the assignments of error are without merit and we, therefore, affirm the judgment of the juvenile court.

I.

■ The juvenile court found on the issue of dependency or neglect that the testimony and evidence before the court proved beyond a reasonable doubt that Nancy Johnson failed to provide proper parental care for the child because of her actions or omissions and because of her apparent limitations.

It is unnecessary to detail the evidence. The total impact of all the evidence before the juvenile court reveals that Nancy Johnson is immature; that she lacks a sense of responsibility or appreciation regarding child care; that she is without any means of support from family or employment; and that she is limited in employment opportunities. The evidence fully supports the juvenile judge's conclusionary comment that he "cannot conceive the return of said child to the respondent mother in the foreseeable future."

■■ One of the declared purposes of the Colorado Children's Code is to secure for each child, who is brought within the provisions of this enactment "such care and guidance, preferably in his own home, as will best serve his welfare and the interests of society." See 1967 Perm. Supp., C.R.S. 1963, 22-1-2 which also directs that the

provisions of the Colorado Children's Code shall be liberally construed in order to carry out its purposes.

█ It is obvious that the juvenile judge's determinations were guided by what would best serve the welfare of the infant child and the interests of society. The clear basis of the juvenile court's finding that the child was dependent or neglected was the juvenile court's supported apprehension and awareness that the health and welfare of the child was jeopardized and would in the future be seriously endangered in the custody of Nancy Johnson. On this premise, the juvenile court's action was not only proper but was the only course of action which could be justified under the Colorado Children's Code.

█ 1967 Perm. Supp., C.R.S. 1963, 22-3-6(1) requires a finding by the juvenile court after the adjudication hearing that the allegations of the petition "are supported by evidence beyond a reasonable doubt." The juvenile court made such a finding. Most of the evidence presented in support of the petition was undisputed and the totality of all the evidence clearly supports the finding and order of the juvenile court that the evidence established beyond a reasonable doubt that the infant child lacked proper parental care because of Nancy Johnson's apparent limitations and because of her actions and omissions. The juvenile court was the fact finder. In accordance with the rule so often expressed by this court, we will not disturb such a finding unless the evidence is patently insufficient as a matter of law. The evidence here cannot be so characterized. *Andersen-Randolph Co., Inc. v. Taylor*, 146 Colo. 170, 361 P.2d 142.

II.

. It is argued that the juvenile court failed to conduct any dispositional hearing and therefore, its judgment terminating Nancy Johnson's parental rights was not only contrary to the provisions of the Colorado Children's Code but violated the due process clause under the fourteenth amendment to the United States Constitution.

1967 Perm. Supp., C.R.S. 1963, 22-3-9 states:
"Dispositional hearing. — (1) After making an order of adjudication, the court shall hear evidence on the question of the *proper disposition best serving the interests of the child and the public.*" (Emphasis added.)

In addition, 22-1-3 (21) provides:
" 'Dispositional hearing' means a hearing to determine what order of disposition should be made concerning a child adjudicated as delinquent, in need of supervision, *or neglected or dependent,* as defined in this section. *Such hearing may be part of the proceeding which includes the adjudicatory hearing, or it may be held at a time subsequent to the adjudicatory hearing.*" (Emphasis added.)

▆▆ First of all, we hold that the clear meaning and import of the foregoing quoted provisions of the Colorado Children's Code provides in proper cases that the adjudicatory hearing and the dispositional hearing may be separate hearings, but that also, in a proper case, providing prior notice thereof is given, the dispositional hearing may be had co-extensively with the adjudicatory hearing as was done here. When the latter alternative is followed, it is necessary, of course, that there be presented at the hearing, evidence relating to factors which the court must consider before it can make a proper disposition.

▆▆ The record here reveals that there was presented at the hearing ample evidence on a variety of factors upon which the juvenile court could determine that the best interests of the infant child required a termination of parental rights and the consequent freeing of the child for adoption under the supervision of the Denver Welfare Department. Based upon these factors, the paramount consideration before the court is the best interests of the child with due consideration being given to the past history of the child while in the custody of the mother and the evidence which supported the court's declaration that the child lacked proper parental care

and was, therefore, a dependent and neglected child. The primary and controlling issue is the determination of what will serve the best interests of the child. This is the rule which has consistently prevailed in Colorado and elsewhere in child custody cases. See *Averch v. Averch,* 104 Colo. 365, 90 P.2d 962. It applies with greater reason, and was clearly meant to apply in proceedings under the Colorado Children's Code, where a child has been declared dependent and neglected, and where the same evidence and other evidence is presented at the same hearing which amply supports the disposition that parental rights be terminated. This hearing, in our view, was conducted in compliance with the declared purposes and requirements of the Colorado Children's Code.

The secondary issue of whether Nancy Johnson's constitutional rights relating to due process have been violated, involves only the question of whether she was given adequate notice that the juvenile court would determine at the hearing whether her parental rights should be terminated; and if given notice, was she afforded an opportunity to be heard on this issue. An affirmative answer to both of these questions is supported by the record before this court.

1967 Perm. Supp., C.R.S. 1963, 22-3-3 (1) provides that after the filing of a petition, the court shall issue a summons which shall also contain a statement, when appropriate, that the termination of parental rights is a possible remedy under the proceedings. The summons which was served in this case on Nancy Johnson complied with the above statute. After notifying her of the date and time of the hearing, it notified her that at such hearing, the court will determine whether her parental rights should be terminated to free the child for adoption. As was stated previously, Nancy Johnson was represented in the juvenile court at all stages of the proceedings by counsel, who, it must be presumed, had full knowledge of the notification that the juvenile court would at the hearing determine whether Nancy Johnson's parental

rights should be terminated. It also appears clear from the record that Nancy Johnson was given full opportunity to be heard and to offer evidence on the issue concerning the possible termination of her parental rights. The record shows that at the hearing, no evidence or testimony, other than her own, was offered in her behalf. Nancy Johnson's testimony did not seriously dispute any of the evidence before the juvenile court. The only effect of her testimony was to advise the court of her belief that she could care for the child if she was provided with "a place" of her own. Otherwise, her testimony was silent or ineffective as to most of the evidence presented on behalf of the People.

Judgment affirmed.

MR. JUSTICE DAY, MR. JUSTICE PRINGLE and MR. JUSTICE GROVES concur.