No. 23823.

OLLIE ROBINSON AND JACQUELINE ROBINSON *v.* THE PEOPLE OF THE STATE OF COLORADO IN THE INTEREST OF NORA ZOLLINGER, MAXINE ROBINSON, DELLA ROBINSON AND DONNA ROBINSON, CHILDREN.
(476 P.2d 262)

Decided November 9, 1970.

114

YOUNGE, HOCKENSMITH, STACEY and ROBB, D. J. DUF-FORD, for plaintiffs in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, THOMAS A. NELSON, JR., Special Assistant, DOUG-LAS D. DOANE, Special Assistant, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

ON April 1, 1968, a petition was filed in the Mesa County District Court, Juvenile Division, alleging that the four children of Ollie and Jacqueline Robinson were dependent and neglected children. A summons was personally served upon the Robinsons setting a date for a hearing on the petition. The Robinsons, through their court-appointed attorney, filed an answer to the petition admitting that they were the parents of the children but denying that the children were dependent and neglected.

On May 7, 1968, the court without a jury found that the allegations of the petition were supported by the evidence beyond a reasonable doubt. The children were ordered placed in the custody of the Mesa County Department of Public Welfare and a final determination of the case was held in abeyance pending a report by the welfare department. Following the report, on July 29, 1968, the court ordered permanent custody be vested in the department of welfare. We find no reversible error and therefore affirm.

. The Robinsons' appeal is premised on four alleged errors committed by the trial court.

I.

The Robinsons allege that the summons served on them did not contain a statement that the termination of their parental rights was a possible remedy as required by 1967 Perm. Supp., C.R.S. 1963, 22-3-3 (1). No objection was made to the validity of the summons in the trial court, nor was the issue raised in the motion for new trial. It has been a general rule of this court to consider only matters raised in the trial court and called to the trial court's attention in the motion for new trial. *Norden v. Henry,* 167 Colo. 274, 447 P.2d 212. However, because the issue is of constitutional proportions, we elect to rule on the question of whether this defect in notice constituted a denial of due process.

The statute, 1967 Perm. Supp., C.R.S. 1963, 22-3-3 (1), provides in part: "The summons shall also contain a statement, when appropriate, that the termination of parental rights is a possible remedy * * *." The summons set forth in the brief of the Robinsons provided in part: "You are to be present with the said child (ren) at all hearings of said case, as your right to the care, custody, control and guardianship of said child (ren) will then be finally determined." Attached to the summons was "Notice of Legal Rights and Privileges" which stated: "If the Petition is sustained, the Court may make orders concerning the protection, custody, care and discipline of the child, including commitment to an institution."

At the outset of the trial the court informed the Robinsons that these proceedings might result in the termination of their parental rights. The judge then questioned the Robinsons as to whether they understood the nature of the proceedings. Both Mr. and Mrs. Robinson answered affirmatively.

*Davis v. District Court,* 161 Colo. 559, 423 P.2d 846, provides guidance in resolving the issue before us. In *Davis,* the question was whether the court lacked jurisdiction to hear the matter because the summons was not

served two days prior to the hearing as required by the statute. This court held,

"In our view, the statute in question deals solely with jurisdiction over the person, and does not concern itself with jurisdiction of the subject matter. Under such circumstances, a party who appears in the action and voluntarily proceeds with it, as we find the petitioners did here, waives any defect in service of process. * * *"

The only other case we found which is helpful is *Ziemer v. Wheeler*, 89 Colo. 242, 1 P.2d 579, in which this court stated,

"Neither the citation was served timely, nor was there a statutory waiver of service, nor were the parents advised regarding the nature of the proceedings nor the effect of the order or finding, all as provided in section 605, C. L. 1921, and, therefore, the court was without jurisdiction, its entire proceedings and the decree and order made therein were void."

■ Here, the Robinsons were timely served, were advised of their rights by the court, had adequate time in which to prepare a defense, appeared, proceeded to trial and were represented by able counsel. This situation is clearly distinguishable from the *Ziemer* case. We hold, therefore, that the rights of the Robinsons were not impaired and that there was substantial compliance with the requirements of the statute. Under the circumstances, there was no denial of due process. *See, Johnson v. People,* 170 Colo. 137, 459 P.2d 579.

## II.

■ The second error alleged by the Robinsons is that the court erred in admitting into evidence testimony concerning behavior of Mr. Robinson that occurred several years prior to the filing of the petition. This evidence revealed an unsavory character trait of Mr. Robinson which could have a serious adverse effect on the children if such conduct should reoccur. The trial court correctly admitted this evidence for a limited purpose. The trial court stated,

"The Court has advised counsel that the Court feels the weight of this testimony, if it relates to a period of six years back, is of very little weight, but it is admissible as showing habit and design and general intention on the part of the respondent, Mr. Robinson."

After viewing the record we feel this ruling was correct. There is also evidence of similar behavior occurring closer to the time of trial.

### III.

The third error asserted by the Robinsons is that the court erroneously admitted statements made by Mr. Robinson to Mr. Kendal (a case worker for the welfare department). Mr. Robinson was not advised that these statements might be used against him in a custody hearing in violation of his constitutional rights. Defendants in error contend that *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, requires the suppression of these statements. We find no merit in this argument. In a hearing to determine if a child is neglected or dependent, there is no fine or confinement to a state institution nor any other criminal sanctions. These are not criminal proceedings. The state is in the position of parens patriae, and the matter for determination is what will serve the best interests of the child. *Johnson v. People, supra.* This is the rule which prevails in Colorado and elsewhere in child-custody cases. However, the interest of the state must be exercised without denial of fundamental fairness as required by due process of the Fourteenth Amendment. We find no denial of such fundamental fairness in the admission of the statements of Mr. Robinson to Mr. Kendal.

### IV.

The final error asserted by the Robinsons is that the evidence presented did not establish beyond a reasonable doubt that the Robinsons' children were dependent and neglected. A review of the record discloses that the allegations of the petition and the judgment of

the court were supported by competent evidence beyond a reasonable doubt.

We note, in passing, that as the law now stands it would only be necessary to prove the allegations of the petition by *a preponderance* of the evidence. C.R.J.P. 31 (a); 1969 Perm. Supp., C.R.S. 1963, 22-1-3 (20), 22-3-6 (1).

This court has repeatedly held that the credibility of the witnesses, the sufficiency, probative effect and weight of the evidence, the inferences and conclusions to be drawn therefrom of necessity are all within the province of the trial court and will not be disturbed on review, unless manifestly erroneous or actuated by passion or prejudice. *Brenaman v. Willis*, 136 Colo. 53, 314 P.2d 691; *Denver National Bank v. McLagan*, 133 Colo. 487, 298 P.2d 386.

The judgment of the trial court is affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE DAY and MR. JUSTICE LEE concur.