**In the Matter of the Petition of R.H.N.,**

**And Concerning D.A.K., Appellant, For the Adoption of D.D.K., A.C.K., S.E.K., Children,**

**R.H.N., Appellee.**

**No. 82CA0968.**

Colorado Court of Appeals, Div. I.

Nov. 17, 1983.

Nicholas J. Bourg, Colorado Springs, for appellant.

Mary Jane Looney, Colorado Springs, for appellee.

METZGER, Judge.

D.A.K. (father) appeals the trial court's order terminating his parental rights as to his three natural children, D.D.K., A.C.K., and S.E.K., and allowing R.H.N., their step-father, to adopt them. We remand with directions.

The marriage of the children's natural parents was dissolved in May 1977. Mother was awarded custody of the children, and father was ordered to pay $150 per month child support through the court registry. The trial court found that father had not paid any child support from May 1977 to the termination hearing in 1982. And, during that time, father was incarcerated, on and off, for all but a total of 513 days. During that period, he was not free from incarceration for any consecutive twelve-month period. While not incarcerated, father earned between $150 and $320 per week; during those times of incarceration

in the Department of Corrections he earned $1.50 per day.

Stepfather, with the consent of the children's mother, filed a petition for stepparent adoption in 1981 pursuant to § 19–4–107(1)(e)(II), C.R.S.1973 (1978 Repl.Vol. 8), which provides that a child may be available for adoption upon:

"Written and verified consent of the parent in a stepparent adoption or where the other parent has abandoned the child for a period of one year or more or where he has failed without cause to provide reasonable support for such child for a period of one year or more."

Father objected *pro se,* was appointed counsel, and after an evidentiary hearing, the trial court granted the petition and ordered that a final decree of adoption enter.

Father argues that the trial court erred in finding that he failed without cause to provide reasonable support for his children for a period of one year or more by totalling the 513 days that he was not incarcerated during the five-year period. He contends that the statute contemplates that "one year or more" means a consecutive twelve-month period.

Colorado's relinquishment and adoption statute, § 19–4–101, et seq., C.R.S. 1973 (1978 Repl.Vol. 8), contains no definition of "one year or more," and there are no Colorado cases discussing it in the context raised here. However, § 2–4–107, C.R.S. 1973, provides: "One year means a calendar year." Other states with statutes similar to ours have interpreted the phrase to mean a consecutive twelve-month period. *See Matter of Adoption of S.L.R.,* 640 P.2d 886 (Mont.1982); *Matter of Adoption of Darren Todd H.,* 615 P.2d 287 (Okl.1980); *In re Adoption of McDermitt,* 63 Ohio St.2d 301, 408 N.E.2d 680 (1980); *Pender v. McKee,* 266 Ark. 18, 582 S.W.2d 929 (1979); *Curton v. Gordon,* 510 S.W.2d 682 (Texas 1974). The Uniform Adoption Act also contemplates a consecutive twelve-month period of time. *See Uniform Adoption Act* § 6(a)(2), 9 U.L.A. 26 (1979). Since statutes should be given their plain ordinary meaning and not a strained interpretation, *Alonzi v. People,* 198 Colo. 160, 597 P.2d 560 (1979), we conclude that "one year" in § 19–4–107(1)(e)(II), C.R.S.1973 (1978 Repl.Vol. 8), means the consecutive twelve-month period immediately preceding the filing of the petition for stepparent adoption.

Father next contends that, since he was incarcerated in the Department of Corrections for the twelve-month period immediately preceding the filing of the petition, the trial court erred in granting the petition. Implicit in this argument is the proposition that incarceration is a *per se* justification for failure to pay child support. We disagree.

While a convicted felon, by that fact alone, does not lose all parental rights in children, *Diernfeld v. People,* 137 Colo. 238, 323 P.2d 628 (1958); *Ziemer v. Wheeler,* 89 Colo. 242, 1 P.2d 579 (1931), a parent has no absolute right to his child under any and all circumstances. *In re Petition of Stjernholm v. Mazaheri,* 180 Colo. 352, 506 P.2d 155 (1973). And, whether a parent has failed to provide reasonable support is a question of fact to be determined by the trial court on a case-by-case basis. *In re Petition of F.J.H.,* 628 P.2d 159 (Colo.App. 1981); *In re Petition of T.C.H.,* 35 Colo.App. 40, 531 P.2d 404 (1974), *rev'd on other grounds,* 190 Colo. 246, 545 P.2d 1357 (1976). The fact that a parent has been incarcerated for any or all of the twelve-month period immediately preceding the filing of the petition is one factor to be considered by the court in making its determinations.

Here, we are unable to determine the trial court's conclusions as to these issues. Accordingly, the cause is remanded to the trial court to make findings regarding whether the father failed, during the consecutive twelve-month period immediately preceding the filing of the petition, to provide support that was reasonable under the circumstances; and if so, whether that failure was "without cause." Upon the entry of these findings, the trial court is directed to recertify the case to this court, and we will proceed to decide it on its merits without the necessity of any further briefs or oral argument by the parties.

PIERCE and BERMAN, JJ., concur.