363 N.W.2d 196 (1985)
In the Matter of the Dependency and Neglect of A.J.H., and Concerning His Mother, M.J.N.
No. 14577.
Supreme Court of South Dakota.
Considered on Briefs January 8, 1985.
Decided February 20, 1985.
*197 Daniel R. Moen of McNeary & Moen, Aberdeen, for appellant mother, M.J.N.
Russell H. Battey of Williams, Gellhaus & Battey, Aberdeen, for appellee child, A.J.H.
Peter J. Pagones, Deputy State's Atty., Aberdeen, Michael Williams, Asst. Atty. Gen., Pierre, for appellee State.
FOSHEIM, Chief Justice
M.J.N., (mother), appeals from an order terminating her parental rights over her minor child, A.J.H. We affirm.
The Department of Social Services (Department) filed a petition on March 10, 1983 alleging that A.J.H. was a dependent and neglected child. It requested custody of A.J.H. for six months. After a predispositional investigation, the Court entered Findings of Fact and Conclusions of Law and an Order giving the Department custody of A.J.H. for six months and issuing a seven point plan for the mother. On January 6, 1984, the Department filed another petition requesting further action. A hearing was held on February 8 and 9, 1984. The Court concluded that the request called for additional proceedings and was a continuation of the prior action under SDCL 26-8-35.1. Judicial notice was accordingly taken of the prior record. On February 22, 1984, the Court issued its memorandum decision. Findings of Fact and Conclusions of Law followed. The Court found that A.J.H. was abused by his mother; that his environment was injurious to his health and safety; that the mother failed to provide necessary care for A.J.H. and that the least restrictive alternative was to permanently terminate her parental rights. A termination order was entered on March 19, 1984. Mother does not dispute the sufficiency of evidence or the Findings of Fact.
It is mother's position that the trial court lacked jurisdiction to terminate her parental rights under SDCL 26-8-35.1 because it did not proceed under SDCL 26-8-62 or 26-8-63. She claims this is required by the express terms of SDCL 26-8-35.1. She relies on Matter of F.J.F., 312 N.W.2d 718 (S.D.1981). This case is distinguishable. In Matter of F.J.F., a biological father petitioned the court to reopen a termination proceeding involving twin children to determine his claimed paternity. Id. This Court upheld the trial court's decision to reopen the termination proceedings primarily *198 because due process of law required that he be granted the opportunity to establish his paternity. Id. We also held that chemical testing which proved him to be the father of one of the twins was "new evidence" under SDCL 26-8-63. Matter of F.J.F. was expressly limited to its peculiar facts. Id. at 721.
SDCL 26-8-62 refers to a parent whose rights have not been terminated. It provides for modifying or terminating a decree which previously vested custody in an individual, agency or institution other than the natural parent. In Matter of D.H., 354 N.W.2d 185, 192 (S.D.1984), we said, "SDCL 26-8-62 provides for a parent's petition for restoration of custody when parental rights have not been terminated." (emphasis added). SDCL 26-8-63 provides only for a new hearing when new evidence is discovered. We further held in Matter of D.H., supra, that SDCL 26-8-62 and 63 are controlled by SDCL 26-8-61. SDCL 26-8-61 requires that "no modification of an order or decree shall be made without a hearing when ... the effect of modifying or setting aside an order or decree may be to deprive a parent of legal custody[.]"
SDCL 26-8-35.1 requires the Department to conduct a review of child placements every 6 months. If the Department finds that further court action is necessary, "to terminate parental rights," "to clarify the child's legal status," or "is desired to implement a case service plan," it shall request the state's attorney to petition for a hearing.
SDCL 26-8-35.2 lists the considerations required before determining that good cause exists for termination. These include, "that all reasonable efforts have been made to rehabilitate the family, that the conditions which led to the removal of the child still exist, and that there is little likelihood that those conditions will be remedied so that the child can be returned to the parents." SDCL 26-8-35.2.
SDCL 26-8-35.1 and 35.2 do not come into play until a dispositional order is entered. Matter of M.S.M., 320 N.W.2d 795 (S.D.1982). They deal directly with the situation in the case at bar. Id.; See also, SDCL 26-8-36. A.J.H. was declared dependent and neglected, and placed in temporary foster care. The Department worked with the family, but the conditions leading to placement still existed. That left little likelihood of rehabilitation and necessitated termination. These two statutes "were undoubtedly enacted to prevent a dependent and neglected child from being perpetually kept in foster care and to insure that some type of permanent situation is provided for the child." Id. at 799. Moreover, this Court has treated SDCL 26-8-35.1 as granting jurisdiction for continuing dispositions in the past, see, Matter of M.S.M., supra, even after a parental termination decision was appealed and reversed, see, Matter of B.E., 287 N.W.2d 91, 97 (S.D.1979).
The reference in SDCL 26-8-35.1 to a hearing "as provided in SDCL 26-8-62 or 26-8-63" means only that a petition must be filed and a hearing granted prior to terminating parental rights. This is in line with SDCL 26-8-35.2, which begins "Pursuant to the hearing petitioned for in 26-8-35.1[,]" and SDCL 26-8-61, which requires a hearing whenever court action may effect a parent's legal custody. General requirements of changed circumstances for decree modification found in 26-8-62 or new evidence for a new trial under 26-8-63 do not override the specific considerations for parental termination in 26-8-35.1 and 26-8-35.2. See, Matter of DH, supra at 192, citing, Hartpence v. Youth Forestry Camp, 325 N.W.2d 292, 297 (S.D.1982).
The paramount consideration in termination cases is the best interest of the child. Matter of M.S.M., supra at 799. See also, In the Interest of C.L., 356 N.W.2d 476 (S.D.1984). "If efforts to aid and counsel the parents by the use of social services proves unavailing, termination of parental rights is justified." Matter of M.S.M., supra at 799.
The mother's final argument claiming a violation of due process is totally without merit. The second petition specifically *199 advised her that termination would be sought. She received a hearing prior to termination. The trial court appropriately entered the required findings and conclusions. We affirm the judgment.
All the Justices concur.
WUEST, Circuit Judge, Acting as a Supreme Court Justice, participating.