This appeal is from a circuit court order terminating the parental rights of L.H. (mother) and S.N. (father) (collectively referred to as parents), over their minor children J.S.N., J.J.N. and S.S.N. The parents request reversal of the order and reinstatement of their parental rights. We affirm.
The parents initiated this proceeding on December 2, 1983, by petitioning for a determination that their children were dependent and neglected based on their inability to financially support the children. The parents' petition alleged that they were "unable to provide the proper subsistence, medical care, and other care necessary for . . . [the] children's health and well being."[1]
A hearing was held on December 8, 1983. The trial judge explained to the parents that when they filed their petition for a declaration of dependency and neglect the court acquired jurisdiction over the children. The trial court pointed out that it could issue any order affecting the care, custody and control of the children that it deemed to be in everybody's best interests; including, if it so determined, termination of their parental rights. It warned them that if the situation did not improve or if the goals or plans outlined in a previously agreed upon case service plan[2] were not accomplished, termination was a possibility. The hearing was continued for ninety days, with custody of the children continued in the Department of Social Services (Social Services). A hearing was scheduled for March 8, 1984; however, the record does not indicate that anything transpired on that date beyond the filing of reports by the South Dakota and Wyoming Social Services. On May 17, 1984, the final phase of the adjudicatory hearing was held and resulted in an order which declared the children to be dependent and neglected. *Page 363 
A dispositional hearing was held on August 9, 1984, after which the trial court entered an order terminating parental rights on October 9, 1984. Parents appeal from this dispositional order.
Parents raise two issues on appeal. They contend that: (1) the trial court's findings of fact do not support the conclusions of law and the judgment; and (2) the termination of parental rights is not the least restrictive alternative. We affirm the order of disposition.
The findings of fact must support the conclusions of law and the judgment. Hartpence v. Youth Forestry Camp, 325 N.W.2d 292
(S.D. 1982). In this case, parents do not challenge the sufficiency of the evidence to support the trial court's findings of fact. The parents failed to file proposed findings of fact and conclusions of law and failed to object to the State's proposals, thus, parents are, of course, precluded from questioning sufficiency of the evidence. Application of Veith, 261 N.W.2d 424
(S.D. 1978).
Our first comment on the parents' initial argument is that if the trial court's dispositional findings of fact were as urged by their counsel (counsel) in his brief they probably would not support the conclusions of law and the judgment. The problem with counsel's argument is that we do not rely on the abbreviated findings as contained in his brief, four in number; rather, we review the entire fourteen findings entered by the trial court. Counsel states in his brief: "The Findings of Fact contained in the Dispositional Findings of Fact and Conclusions of Law (F)(sic) are as follows: . . . ." The trial court's first three findings of fact follow verbatim and the fourth follows in an amended version. The trial court's dispositional findings of fact and conclusions of law are appended hereto. In our opinion, the representation counsel made in his brief, if not an actual misrepresentation of the record, at least borders on it. We reprove such conduct.
As we perceive it, counsel first asserts that the findings were entered on parents' poverty and financial inability to furnish necessary subsistence, medical care, and other care necessary for the children's well-being. He complains that "[t]here is no statement that `all reasonable efforts have been made to rehabilitate the family' or that `the conditions that led to the removal of the children still exist.'" We direct counsel to the trial court's findings numbered 5 through 14, inclusive, where we find his argument more than adequately met.
Based upon testimony presented at the dispositional hearing, the trial court found that despite reasonable efforts on the part of Social Services to eliminate the reasons for the children's removal from the home, the parents (1) failed to exercise visitation rights, (2) failed to cooperate with Social Services programs for improvement of parenting skills, (3) failed to maintain continued employment or stabilize their financial situation, (4) failed to obtain adequate housing, and (5) failed to fulfill responsibilities assigned to them by Social Services. The trial court also found that neither parent could provide for the speech problems and special educational needs of the two boys and that clear and convincing evidence demonstrated that the parents are financially and socially unable to provide the proper and necessary subsistence, medical care and other care necessary for the children's health and well-being. Most importantly, the trial court specifically found that the evidence clearly and convincingly demonstrated that termination of parental rights best served the children's best interest and welfare.
SDCL 26-8-6 lists eight criteria in its definition of a neglected or dependent child. The trial court borrowed from the language of one of those criteria when it found that the parents were financially and socially unable to provide the proper and necessary subsistence, medical care and other care necessary for the children's health and well-being. Counsel concedes that this finding is sufficient for a finding of dependency and neglect but asserts that it is not alleged as the basis of terminating the parental rights. We do not understand *Page 364 
his contention. The statutory language was incorporated in the petition signed by the parents and in the amended petition. Both petitions prayed that if the allegations were sustained, the court should deal with the children and parents as provided by law. Upon an adjudication of dependency and neglect, the trial court must hold a dispositional hearing and thereby order the course of action which best serves the child's and the public interest. SDCL 26-8-22.11; SDCL 26-8-35; Matter of D.H.,354 N.W.2d 185 (S.D. 1984). The trial court may order termination of the parental rights of one or both parents when it finds that the best interests and welfare of the child so require. SDCL 26-8-36;D.H., supra.
When parents produce an unhealthy environment for their children and allow their own personal and social problems to deprive their children of parental care and the proper care necessary for the children's health, guidance and well-being, a declaration of dependency and neglect is warranted. SDCL 26-8-6. When rehabilitation efforts fail and the parents do not utilize assistance to progress and to correct problems, termination of parental rights is required. In Matter of S.S., 334 N.W.2d 59
(S.D. 1983). The trial court concluded that Social Services made reasonable efforts to facilitate the children's return to the home. "Where efforts to aid or counsel parents by the use of social services proves unavailing, termination of parental rights is justified." 334 N.W.2d at 62. Termination of parental rights is not conditioned on exhaustion of every possible form of assistance. People in Interest of C.L., 356 N.W.2d 476 (S.D. 1984); D.H., supra. The best interests of the children require that some certitude and stability enter their lives. S.S., supra.
Parents also complain that Finding of Fact 3, which counsel quotes, as follows, "[t]hat the best interests and welfare of the said minors would be served by terminating the parental rights of L.H. and S.N.," is without specific facts or statements of fact whatsoever and appears to be more in the order of a conclusion of law. Again, upon review of all of the findings, we find them amply detailed and based on clear and convincing evidence. The specific findings of fact, coupled with the trial court's Finding of Fact 3, support the trial court's conclusions of law.
Finally, on this issue, parents urge that the findings of fact do not comport with the findings necessary to support termination of parental rights as set forth in SDCL 26-8-35.2. We first review this statute in conjunction with SDCL 26-8-35.1. Matter ofM.S.M., 320 N.W.2d 795 (S.D. 1982). Read together, we note that they were enacted to prevent a dependent or neglected child from being perpetually kept in foster care and to insure that some type of permanent situation is provided for the child. SDCL 26-8-35.2 sets an eighteen-month maximum limitation on the time within which a child can be held in a potential custodial situation. We have recently reiterated this interpretation on at least two occasions. See Matter of A.J.H., 363 N.W.2d 196 (S.D. 1985); In Interest of D.M., 367 N.W.2d 769 (S.D. 1985).
We next examine counsel's assertion that the trial court's conclusions of law "do not include that of `terminating parental rights,' but only states that the children shall be placed for adoption." This assertion is a bald misstatement of the trial court's conclusions.[3] We note that the trial court's Conclusion of Law 4, omitted by counsel, states: "That clear and convincing evidence indicates that the termination of the parental rights of [S.N.] and [L.H.] is the least restrictive alternative in the children's (sic) best interest." In light of this conclusion, counsel's argument is preposterous!
The parents also question whether termination of parental rights was the least restrictive *Page 365 
strictive alternative in the children's best interest. They contend that no alternatives were considered because Social Services concluded that their poverty was a permanent condition and argue that under Matter of B.E., 287 N.W.2d 91 (S.D. 1979), their parental rights should not be disturbed without a clear showing of gross parental misconduct or unfitness, or other extraordinary circumstances affecting the children's welfare. The parents also cite In the Interest of D.K., 245 N.W.2d 644 (S.D. 1976), to point out that this court must focus on the harm to the child in considering the alternatives.
We have reviewed and outlined above the trial court's dispositional findings of fact which outline the parents' failure to exercise visitation rights, failure to cooperate with Social Services, failure to improve parenting skills, failure to obtain continued employment in order to provide family income, failure to provide adequate housing, failure to address two of the children's speech and learning problems, all of which are substantiated by clear and convincing evidence. We agree with the trial court's conclusions that Social Services made reasonable efforts to help the parents and that the children's welfare demands a final resolution so that permanence and stability can be provided at this time. When all Social Services' attempts and assistance fail for lack of cooperation, no narrower or less restrictive alternative remains; termination of parental rights is justified. D.H., supra; Matter of V.D.D., 278 N.W.2d 194 (S.D. 1979); Matter of N.J.W., 273 N.W.2d 134 (S.D. 1978).
The right to have children does not encompass the right to abuse them by omission or commission. D.H., supra; V.D.D., supra.
Parental rights must give way to the children's best interest.D.H., supra; Matter of C.E. and D.E., 283 N.W.2d 554 (S.D. 1979). The law may not abandon children, rather it must permit them to grow and flourish. In Interest of M.J.B., Jr., 364 N.W.2d 921
(S.D. 1985); Matter of J.M.A., 286 N.W.2d 324 (S.D. 1979). The least restrictive alternative must be viewed from the child's point of view. M.J.B., Jr., supra; C.L., supra; Matter of R.Z.F.,284 N.W.2d 879 (S.D. 1979).
We affirm.
All the Justices concur.
WUEST, Circuit Judge, acting as a Supreme Court Justice, participating.
 APPENDIX DISPOSITIONAL FINDINGS OF FACT AND CONCLUSIONS OF LAW
The above-entitled matter coming on regularly to be heard before the Court at the Courtroom in the Courthouse in the City of Custer City, Custer County, South Dakota, on the 9th day of August, 1984, at the hour of 1:00 o'clock p.m., upon the petition of Lynn A. Moran, Custer County States Attorney, there also appearing, the Respondents, L.H. and S.N. with their attorney, Gerald Baldwin, the Department of Social Services represented by Virgena Sage, Todd Hauge for the minor children, and the minors.
And the Court having heard the testimony, and verbatim record having been made, for disposition, the Court being fully advised in the premises, now makes and enters its Findings of Fact and Conclusions of Law as follows:
 FINDINGS OF FACT
1. The allegations of the petition are true and supported by clear and convincing evidence; and by the dispositional reports submitted to the Court.
2. That the minor children, [J.S.N.], [J.J.N.], and [S.S.N.] are found to be dependent/neglected, as defined in SDCL 26-8 because the parents are financially and socially unable to provide the proper and necessary subsistence, medical care, and other care necessary for the children's health and well-being.
3. That by clear and convincing evidence, it appears that the best interest and welfare of said minors would be best *Page 366 
served by terminating the parental rights of [L.H.] and [S.N.].
4. That reasonable efforts were made to prevent or eliminate the need of the removal of the children from the home.
5. That [S.N.] and [L.H.] have failed to exercise visitation of the minor children or arrange such visitation properly through the Department of Social Services.
6. That [S.N.] has failed to attend parenting classes arranged by Wyoming Social Services.
7. That [S.N.] has failed to obtain continued employment and that [L.H.] quit her employment without good reason.
8. That [S.N.] and [L.H.] have failed to find adequate housing for the three children and reside, instead in a one bedroom trailer.
9. That [L.H.'s] twelve year old daughter has moved in with the family and [L.H.] is pregnant, making even more complicated the crowded living conditions.
10. That [S.N.] and [L.H.] are cousins who are not permitted by law to marry, and, as such, will never be able to legitimize the children.
11. That neither [S.N.] nor [L.H.] have cooperated with South Dakota Social Services or Wyoming Social Services.
12. That the boy children have speech problems and special needs which neither [S.N.] nor [L.H.] can provide.
13. That [S.N.] and [L.H.] have refused the responsibilities assigned to them by the social workers.
14. That [S.N.] and [L.H.] have not stabilized their financial situation or completed counseling.
Upon the Findings of Fact as made, the Court now enters the following:
 CONCLUSIONS OF LAW
1. That the Petition shall be sustained and an Order of Disposition be entered.
2. That the Department of Social Services has made reasonable efforts to make possible the return of the children to the children's home.
3. That the children's welfare demands that there be a final resolution so that stability and permanence may be provided.
4. That clear and convincing evidence indicates that the termination of the parental rights of [S.N.] and [L.H.] is the least restrictive alternative in the children's best interest.
5. That the Department of Social Services should attempt to place all three children in the same adoptive home in their best interest.
 Entered nunc pro tunc at Custer City, South Dakota, this 9th day of August, 1984.
[1] Prior to formal involvement with this family, the Department of Social Services received eight unsubstantiated referrals for physical neglect and physical abuse.
[2] On December 8, 1983, the parents agreed to a case service plan proposed by Social Services. The objectives of the plan were to stabilize the parents' lives, to strengthen the mother's self-image and to improve her parenting skills so that the children could be returned to them. On December 12, 1983, the parents moved to Gillette, Wyoming, and the case was assigned to a Wyoming social worker for supervision.
[3] Counsel's brief is again misleading in that he quotes all or part of only three of the trial court's five conclusions of law.