The PEOPLE of the State of Colorado,

In the Interest of R.E., Child-Appellees,

and Concerning

D.E., Respondent-Appellee,
and

B.T., Respondent-Appellant.

No. 85CA0409.

Colorado Court of Appeals,
Div. I.

May 29, 1986.

Bill Myers, Denver, for respondent-appellee.

Steven Janssen, Boulder, for respondent-appellant.

Judith R. Caro, Denver, Guardian ad Litem for child-appellee.

PIERCE, Judge.

Mother, B.T., appeals from a court order granting permanent custody of her minor son, R.E., to his father, D.E. We affirm.

The parents were divorced in May 1982, at which time custody of R.E. was granted to the mother. In October 1983, a petition in dependency and neglect was filed pursuant to which R.E. was adjudicated dependent or neglected upon the admissions of both parents and stepparents. *See* § 19–1–103(20)(e), C.R.S. (1985 Cum.Supp.). A treatment plan was then adopted and visitations were outlined by court order. Throughout the dependency and neglect proceedings, physical custody of R.E. was with his father. It was by written agreement of the parties that father was to have

physical custody of R.E. for at least one year beginning in August 1983.

Initially, father filed a motion pursuant to the dissolution of marriage act for permanent change in legal custody of R.E. to himself. However, all parties stipulated that all issues regarding custody of R.E. and modification of that custody were to be determined as part of the dependency and neglect case. The district court, having jurisdiction of the dissolution action, accepted this stipulation and the question of custody was therefore transferred to the court in which the dependency action was pending. That court granted legal custody of R.E. to the father, and provided for visitation by the mother at its disposition hearing. *See* § 19–3–111, C.R.S. (1978 Repl.Vol. 8).

### I.

■ On appeal, the mother argues that the statutory criteria set forth in § 14–10–131, C.R.S., for modification or change of custody were not met. However, those criteria are not applicable here.

Inasmuch as the parties stipulated that jurisdiction of the custody issue was to be in the court handling the dependency action, the criteria which the court must use are those set forth in the purposes of the Children's Code. Section 19–1–102, C.R.S. (1978 Repl.Vol. 8); *see Johnson v. People in Interest of W.J.,* 170 Colo. 137, 459 P.2d 579 (1969). The focus of a dependency and neglect proceeding is on the best interests of the child, and not on factors listed in § 14–10–131, C.R.S.

■ Under § 19–3–111(1), C.R.S. (1985 Cum.Supp.), if a child is adjudicated dependent or neglected and if the decree does not terminate the parent-child legal relationship, the court must designate legal custody of the child. Such legal custody may be placed in one of the parents. Section 19–3–111(1)(a), C.R.S. (1985 Cum. Supp.). Therefore, the court's award of legal custody of R.E. to his father was within its jurisdiction, discretion, and obligations under the Children's Code. Section 19–3–111, C.R.S. (1985 Cum.Supp.); *see*

*People in Interest of M.D.C.M.,* 34 Colo. App. 91, 522 P.2d 1234 (1974).

### II.

■ The mother further argues that there was no basis for the change in custody and that it is not in the best interests of her child. We disagree.

The testimony here showed that R.E. had behavioral and emotional problems which related to the instability of his early years, and that he was experiencing a great deal of anxiety about the custody battle and the resulting instability of his environment. Testimony further showed that R.E. had begun to develop a positive relationship with his stepmother and that R.E. identified his father and stepmother as family in which he was integrated and felt comfortable and that he was fearful of having to return to his mother.

The social worker with whom R.E. had a therapy program opined that it would be psychologically harmful to him to be removed from his father's and stepmother's home, and that it would endanger his commitment to them as a family, and would affect the trusting relationship that he was learning to develop with his stepmother.

The ongoing caseworker who prepared a custody evaluation in 1984 stated that R.E. had made substantial improvements in his daily functioning during the time that he lived with his father and stepmother. She further recommended that custody remain with his father.

The guardian ad litem who represented R.E. during the dependency or neglect adjudication also recommended that permanent custody of R.E. be granted to his father. She stated that she felt certain that this was both what R.E. wanted and what was in his best interests.

The trial court's decision will not be disturbed on review when, as here, it is supported by evidence in the record and is not manifestly erroneous. *People in Interest of C.A.K.,* 652 P.2d 603 (Colo.1982).

The order is affirmed.

STERNBERG and METZGER, JJ., concur.