The PEOPLE of the State of Colorado, Plaintiff–Appellee, In the Interest of A.A.G., L.T.G., and V.N.G., Children,

and Concerning L.A.G., Respondent–Appellant.

No. 93CA1682.

Colorado Court of Appeals, Div. II.

Jan. 12, 1995.

Rehearing Denied Feb. 9, 1995.

Certiorari Granted Aug. 21, 1995.

■

Robert Grant, Asst. Dist. Atty., Brighton, Terry Ross, Asst. City Atty., Commerce City, for plaintiff-appellee.

Deborah Gans, Denver, for respondent-appellant.

Opinion by Judge ROY.

In this dependency and neglect proceeding, L.A.G. (mother) appeals from a juvenile court order giving her and A.G. (father) joint legal and physical custody of their minor children, A.A.G., L.T.G., and V.N.G. We affirm.

The dependency and neglect proceeding was initiated during the pendency of the dissolution of marriage proceeding between the parents, and the issue of custody was certified to the juvenile court pursuant to § 19–1–104(4), C.R.S. (1994 Cum.Supp.). The marriage of the parties was ultimately dissolved. On the basis of the parents' admissions to the petition in dependency and neglect, the children were adjudicated dependent and neglected, and treatment plans were adopted for each parent.

Thereafter, mother, who had been given temporary custody of the children, was found in contempt of court on two occasions for failure to comply with the visitation provisions contained in the treatment plan and ordered by the juvenile court. Alleging that mother had intentionally interfered with his relationship with the children, father filed a motion seeking permanent custody.

I.

■ Mother contends that the juvenile court erred in considering the factors set forth in § 14–10–124(1.5), C.R.S. (1987 Repl. Vol. 6B) with respect to its determination of the best interests of the children. She argues that the custody issue, once certified to the juvenile court, had to be determined in accordance with the Children's Code, § 19–1–101, et seq., C.R.S. (1994 Cum.Supp.). Although we agree that the provisions of the

Children's Code apply to custody determinations in dependency and neglect proceedings, we perceive no reversible error. See People in Interest of D.C., 851 P.2d 291 (Colo.App. 1993).

■ Child custody determinations under the Children's Code must be based on the best interests of the child. People in Interest of R.E., 721 P.2d 1233 (Colo.App.1986). Likewise, under the Uniform Dissolution of Marriage Act, custody must be determined in accordance with the best interests of the child. Section 14–10–124, C.R.S. (1987 Repl. Vol. 6B); In re Marriage of Lester, 791 P.2d 1244 (Colo.App.1990). The phrase "best interests of the child," in the two statutes has, in our view, identical meaning.

■ To facilitate custody determinations in dissolution of marriage proceedings, § 14–10–124(1.5) sets forth factors which must be considered by the court in assessing the child's best interests. The Children's Code does not enumerate any such factors. We see no reason why the factors established for dissolution of marriage proceedings could not be considered in a dependency proceeding. See People in Interest of D.C., supra. We do not suggest, however, that a similar congruity between the statutes need necessarily exist in a dispute between parents and non-parents. See In re Custody of C.C.R.S., 872 P.2d 1337 (Colo.App.1993); People in Interest of D.C., supra.

II.

■ Mother next contends that the juvenile court erred in awarding joint custody because the Children's Code does not expressly provide for joint custody in dependency and neglect proceedings. We disagree.

Although the Children's Code does not specifically refer to "joint custody," it provides that legal custody of a child who has been adjudicated dependent and neglected may be placed with one or both parents. Section 19–3–508(1)(a), C.R.S. (1994 Cum. Supp.).

When, as here, the parents' marriage has been dissolved, joint custody is the only mechanism through which legal custody of

dependent and neglected children may be placed with both parents. Thus, we conclude that joint custody is a viable placement alternative under § 19–3–508(1)(a).

### III.

■ Finally, mother contends that the evidence was insufficient to support the juvenile court's joint custody order. Again, we disagree.

The evidence showed that mother failed to encourage a relationship between father and the children by refusing to comply with court-ordered visitation and that she had caused the children to become alienated from him. The evidence further revealed that the children's mental health deteriorated significantly during the time that mother had temporary custody of them and that father was more likely to encourage a healthy relationship between mother and the children than vice versa.

This evidence is sufficient to support the juvenile court's conclusion that the children's mental and emotional needs would best be served by giving the parents joint legal and physical custody. *See People in Interest of C.A.K.*, 652 P.2d 603 (Colo.1982).

Order affirmed.

PLANK and HUME, JJ., concur.